### Estes and others *v.* Leslie and others.

*(Circuit Court, S. D. New York. April 8, 1886.)*

**TRADE NAME—CHATTERBOX—INFRINGEMENT.**
   The use of the word "Chatterbox," in connection with the same method of selection and illustration of stories, form of binding, and vignette, by defendants, *held*, an infringement of complainants' right in the name.

In Equity.
*John L. S. Roberts*, for orators.
*Charles E. Rushmore*, for defendants.

WHEELER, J. This case is similar to *Estes* v. *Williams*, 21 Fed. Rep. 189, in respect to the right of the orators to the exclusive use

of the name "Chatterbox" upon their series of juvenile publications in this country. No occasion appears for repeating what was there said. The question of laches is more relied upon here as a defense than it was there. There is a question as to the effect of a decree in favor of the defendants against the orators, entered by consent in the court of common pleas of New York in 1881; and a question whether the use of that name by the defendants upon their publication amounts to any misrepresentation as to their source.

Mr. Johnston, from whom the orators derive their right, appears to have had the exclusive use of this name for his series of publications, both in England and this country, without interference, from 1866 to 1876, and his works to have become well known by that name in both countries. By that means he had acquired a clear right to that name for the admittance of his works among customers. So far as is shown, he vindicated this right as often as it was invaded to his knowledge until the time when he conveyed it to the orators in 1880. Since then they have not, for any length of time, abandoned it, but have continually asserted it in one way or another, although not against all trespassers at once. No right as against these defendants appears to have been lost in this manner. *Collins Co.* v. *Ames,* 20 Blatchf. 542; S. C. 18 Fed. Rep. 561.

The operative part of the decree of the court of common pleas restrained the orators from selling any publication called the "Chatterbox" or "Frank Leslie's Chatterbox," with the name "Frank Leslie," or the address "Frank Leslie's Publishing House, 53, 55, and 57 Park place, New York," thereon. This did not extend to the name "Chatterbox," and no right to its use was decreed to either party, or affected by the decree in any manner.

Whether the use which the defendants make of the name is calculated to put their publications in the place which those of the orators would otherwise take is principally a question of fact, and is the most important one open in this case. The publications of Johnston were composed of selections of stories, sketches, and poems, with pictorial illustrations intended for, and interesting to, the young; printed with a head-line, "Chatterbox," on each page; bound in square form, in illuminated boards, with vignette slightly varying in style from one number to another, and the name "Chatterbox" prominently on the front, and with a plain cloth back. The selections had been made with such care and skill, and the illustrations and style of binding made so attractive, that they had acquired great popularity, and found large sales, as well in this country as elsewhere. The same method of selection and illustration, square form, style of binding, and of vignette, as well as name on the cover, have been taken by the defendants. The name is the only thing in question in this case, but the adoption of so many other features tends to show the intent with which the name is used. All these things together lead plainly to the conclusion that the name has been appro-

priated to gain an advantage from the reputation and popularity which Johnston's work had acquired under it, and that this appropriation of it is calculated to make the works of the defendants pass for his to some extent. It is true that the name "Frank Leslie" is added, so that the title is "Frank Leslie's Chatterbox," and the address of the publishing house is put on. This appears to be done, however, for the purpose of adding the reputation of Frank Leslie and of that publishing house to that of the Chatterbox, rather than for that of building up a new reputation under that name. If nothing had been wanted of the popularity which had been acquired under it, and which it stood for, it could have been left, and another name taken to build up. The defendants do not copy the orators' publications, but imitate them, and apply the name of the orators' publications to their imitations.

Let a decree be entered for the orators for an injunction and an account, with costs.