Estes and others *v.* Worthington.

(*Circuit Court, S. D. New York.* May 10, 1887.)

1. Trade-Mark—Title, "Chatterbox"—Injunction.
    In the year 1866, one Johnston originated the title "Chatterbox" upon a series of books which he caused to be compiled, containing illustrations and stories of a class and style adapted to young persons. The books had a distinctive appearance and manner of cover and printing, and they became universally recognized in England and the United States as books which had attained a well-known and highly-appreciated character. The said Johnston afterwards assigned to the plaintiff the exclusive use of the title in the United States and Canada, and the publications were made simultaneously in England, by Johnston, and in this country, by the plaintiff. The defendant published juvenile books bearing the title "Chatterbox" upon the cover, and similar in external appearance and general style to the plaintiff's books, but with different contents. The plaintiff thereupon filed his bill to restrain such publication by the defendant. *Held,* that he was entitled to the relief sought.

2. Same.
    An exclusive right to said title, "Chatterbox," used as name for characterizing a series of juvenile books, is not defeated, on the ground of a prior appropriation, by the publication, in 1852, for two successive months, of a monthly newspaper called "Chatteris Chatterbox," not intended for young people; nor by the publication, in 1807, in a volume of poems called "Original Poems for Infant Minds," of a poem called "The Chatterbox;" nor by the publication, in 1861, of a book called "The Favorite Scholar," containing a prose story called "Little Chatterbox."

*John L. S. Roberts* and *Geo. G. Frelinghuysen*, for plaintiffs.
*George A. Black*, for defendant.

SHIPMAN, J. This is a bill in equity, to restrain the defendant from the infringing use of the plaintiffs' title, "Chatterbox;" the said word being alleged to be a well-known trade-mark of the plaintiffs, as assignees of James Johnston, and designating a well-known series of books, of a juvenile character, which are compiled by the said Johnston, and are published in this country by the plaintiffs, and it being alleged that the defendant has imprinted the same trade-mark upon his juvenile publications of substantially the same class, style, and character as those made and issued by said Johnston and the plaintiffs. The most important facts in the case are stated in the opinions of this court in the similar cases of *Estes* v. *Williams*, 21 Fed. Rep. 189, and *Estes* v. *Leslie*, 27 Fed. Rep. 23.

In addition to the fact that James Johnston assigned to the plaintiffs the exclusive use in this country and in Canada of the name "Chatterbox" for the term of 10 years, from January 1, 1880, he also agreed to furnish for said 10 years, and has furnished, to the plaintiffs, since the date of said agreement, duplicate electrotype plates of all his juvenile books bearing the name "Chatterbox;" which books, bearing said name and containing the same illustrations and reading matter, have been issued simultaneously in London, by the said Johnston, and in Boston, by the plaintiffs. In 1884 the agreement was modified, so as to provide that the privileges previously assigned and promised should be enjoyed for such times as the plaintiffs should pay therefor £1,000 per annum.

Johnston was the originator, in the year 1866, of the title "Chatterbox" upon a continuous, annual series of books which he caused to be compiled, containing illustrations and stories of a class and style adapted to young persons. His series called "Chatterbox" has become widely known and very popular in England and in this country, and his "Chatterbox" books have had a distinctive title or name, appearance, style, and manner of cover and of printing, which caused them to be universally recognized as the books which had attained and had maintained a well-known and highly-appreciated character.

The effort of the defendant to show that the title "Chatterbox" had been appropriated, before Johnston's time, to a series of publications or works of a juvenile character, has failed. In 1852, a monthly newspaper, of an unrefined and coarse character, called the Chatteris Chatterbox, was published for two successive months in the English town of Chatteris. It was not designed for the use of the young. Miss Jane Taylor and her sister Miss Ann Taylor published, in the year 1807, in a volume of poems called "Original Poems for Infant Minds," a poem of five verses, called "The Chatterbox," and a book published in this country in 1861, called "The Favorite Scholar," contained a prose story called "Little Chatterbox." These instances of the use of the word do not show an appropriation of the name to a series of books of juvenile

character for the purpose of characterizing the series, as the name was applied by Johnston. By association, this title, when used upon juvenile books of illustrations and stories, pointed "distinctively to the origin or ownership" of the books to which it was applied, and the name has acquired "an understood reference" to the English series, whose character has become widely known. *Canal Co.* v. *Clark*, 13 Wall. 311; *Manufacturing Co.* v. *Trainer*, 101 U. S. 51.

The defendant has published, or caused to be published, divers juvenile books, of which complainants' Exhibit Worthington Chatterbox, A to K, are examples, which bear upon the covers the name or title "Chatterbox," and which, some in a greater degree than others, strive to imitate the external appearance and the general style and manner of cover of the plaintiffs' books, and simulate the appearance and decoration of the plaintiffs' Chatterbox series, but do not contain the contents of their books. Such use of the name, especially as it is coupled with an imitation of the general external appearance, manner of cover and of decoration of the plaintiffs' books, shows clearly that the defendant has unfairly attempted to make use of the reputation which the Johnston series had acquired, by deceiving the public into the belief that, in purchasing the defendant's books, it was buying the compilations which Johnston had rendered acceptable and popular. Instead of acquiring for himself a reputation by the skill, good taste, and superiority of his own compilations, the defendant has endeavored, by the unwarranted use of the name which Johnston had appropriated, to obtain some portion of the pecuniary advantage which belongs to the reputation which the latter had gained.

The use by the defendant of the name "Chatterbox" upon the books which are represented by the plaintiffs' exhibits in this case, or upon similar books of a juvenile character, of the general appearance and style of the plaintiffs' books, and from presenting to the public for sale juvenile publications with the use of the title "Chatterbox," and thereby leading the public to believe that they are the publications of the plaintiffs', should be enjoined.