VITASCOPE CO. v. UNITED STATES PHONOGRAPH CO.

(Circuit Court, D. New Jersey.  September 4, 1897.)

1. UNFAIR COMPETITION IN TRADE.

Complainants' assignors contracted with Thomas A. Edison for the manufacture by him of a certain number of machines, invented by Edison and another, for projecting apparently living figures on a screen.   To distinguish these machines from others made for like purposes, they had coined the word "Vitascope," and it was agreed between the parties that they might call them "Vitascopes" or "Edison Vitascopes."   Complainants failed to take and pay for all of said machines according to the contract, and thereafter Edison sold the machines not taken to reimburse himself for their cost.   *Held,* that the purchasers from Edison, in offering these machines for sale as "Edison Vitascopes," were not guilty of unfair competition with complainants, since there was no misleading or deception of the pub-

lie, who in fact obtained the identical machines to which the name was in·tended to apply.

**2. SAME.**
The grounds on which unfair competition in trade will be enjoined are either that the means used are dishonest, or that, by false representation or imitation of a name or device, there is a tendency to create confusion in the trade, and work a fraud upon the public, by inducing it to accept a spurious article. Where these grounds are absent, and no trade-mark rights exist, injunction does not lie.

James Harold Warner, for the motion.
Howard W. Hayes, opposed.

KIRKPATRICK, District Judge. The amended bill or complaint in this cause sets out that Raff & Gammon, the assignors of the complainants, in January, 1896, began the manufacture of a certain machine or device invented by Thomas A. Edison and Thomas Armat, to project upon a screen apparently living figures and scenes, in view of an audience, and that the said Raff & Gammon coined the word "Vitascope," and applied it to designate the said machine or device; that afterwards the said Raff & Gammon assigned to the complainants their rights to manufacture the said machines or devices, and to lease the same under the name of "Vitascope," and to sell territorial rights for giving public exhibitions with said machines and devices under the name of "Vitascope"; and that, in the exercise of such right, the complainants have manufactured a large number of such machines, and given thousands of exhibitions in all the large cities of the United States. The bill alleges that the said machines have been largely advertised, at great expense to them, as "Vitascopes" and "Edison Vitascopes," and have become known to the public by such name. The bill further alleges that on or about January 15, 1896, the said Raff & Gammon entered into an agreement with Thomas A. Edison whereby said Edison agreed to manufacture for them certain of the said machines and devices, and to permit said machines and devices to be known and called "Edison Vitascopes"; that said Edison also agreed, in consideration of the price paid for the manufacture of said machines and devices, to give to said Raff & Gammon the sole and exclusive right to use the name of Edison in connection with the word "Vitascope," as descriptive of said machines or devices, and that he, the said Edison, would not sell, lease, or otherwise dispose of machines similar to the ones referred to as "Edison Vitascopes." The case so presented is fully answered and denied in all material averments by the answer of the defendants and the affidavits annexed thereto. Edison, in his affidavit, denies the making of an agreement such as is set out in the complainants' bill, and avers that he did no more than under·take to make 100 projecting kinetescopes, which, to distinguish from other machines made for like purpose, it was agreed should be called "Edison Vitascopes." Edison swears that he made these machines according to contract, and that Raff & Gammon failed to take and pay for all of them, and that he sold such of the machines as they neglected to take, to reimburse himself for their cost. It is stated in the answer, and not denied or disputed by the complainants, that

the machines or devices put upon the market by the defendants as "Vitascopes" and "Edison Vitascopes" are a part of the original lot of 100 machines or devices ordered by Raff & Gammon from Edison, and that the defendants' machines or devices are in all respects similar to those acquired from Edison by the complainants.

To make the words "Vitascope" or "Edison Vitascope" a distinguishing mark for the manufactured product to be used or sold was the purpose of their adoption, and no exclusive right to their use can be acquired except to identify the article with which they are associated. As the sole object of the name was to distinguish that particular machine or device from others of the same kind or class, I fail to see why the names "Vitascope" and "Edison Vitascope" are not as properly applied in describing the machines of the defendants as those of the complainants. The complainants, in their amended bill, do not ask an injunction because any trade-mark right in the words "Vitascope" and "Edison Vitascope" has been infringed, but relief is sought upon the ground that defendants' action tends to deceive, and is a fraud upon, the public. How is the public deceived, and in what way do the defendants perpetrate a fraud upon them? The defendants offer for sale machines or devices for projecting apparently living figures upon a screen, which are manufactured by Edison according to the ideas, plans, and specifications of himself and Thomas Armat upon the order of Raff & Gammon, and which, to distinguish them from other devices of like kind and purpose, Edison, the maker, and Raff & Gammon, for whom they were made, have agreed should be called "Vitascopes" or "Edison Vitascopes." What the public want, and what they ask for, is a machine made. or invented by Edison projecting apparently living figures upon a screen. They get it. They are not deceived. No spurious machine is palmed off upon them, but they receive the identical device made by Edison, and which at the time of its creation was given the name "Vitascope" or "Edison Vitascope," and under which name it was sold to the complainants and defendants alike. It may be that the demand for the machine was in part procured, and the interest of the public excited, by the advertisements of the complainants, but that alone affords no ground for equitable relief. The case as presented seems to me to come clearly within the principle decided in Appollinaris Co. v. Scherer, 27 Fed. 18. There, however, the complainant possessed an element of strength wanting here, in that he had the undisputed exclusive right, so far as it could be acquired, to sell the product in the territory sought to be occupied by the defendant. There is no proof in this case of an exclusive right to the use of the words "Vitascope" and "Edison Vitascope," as connected with the machine. The bill alleges an agreement to that effect between Raff & Gammon and Thomas A. Edison, but it is specifically denied under oath by Edison himself.

The court is always willing to restrain unfair competition in trade, but the ground upon which such relief is granted rests upon principle,—either that the means used are dishonest, or that, by imitation of name or device, there is a tendency to create confusion in the

trade, and enable the seller to pass off upon the unwary his goods as those of another, and thereby deceive the purchaser; or that, by false representation, it is intended to mislead the public, and induce them to accept a spurious article in the place of one they have been accustomed to use. Orr v. Johnston, 13 Ch. Div. 434; Fischer v. Blank, 138 N. Y. 244, 33 N. E. 1040; Sawyer v. Horn, 4 Hughes, 239, 1 Fed. 24; Wilson v. T. H. Garrett & Co., 47 U. S. App. 250, 24 C. C. A. 173, and 78 Fed. 472. As this case is now presented to the court, it lacks all of these principles. I am therefore of the opinion that a preliminary injunction should not issue as prayed for in the bill.