HARPER et al. v. HOLMAN et al.

(Circuit Court, E. D. Pennsylvania. December 29, 1897.)

1. EQUITY—PRELIMINARY INJUNCTION—WHEN GRANTED.
    A preliminary injunction will not be awarded except in a plain case.
2. EQUITY—PRELIMINARY INJUNCTION—UNFAIR COMPETITION—TITLE TO BOOK.
    Although a preliminary injunction will not be awarded where, in the opinion of the court, an alleged infringement of copyright by the defendant, in the text of a book published and sold by him, has not been so clearly established as to exclude substantial doubt, yet the defendant will be restrained pendente lite from making use of a title to his publication which in its "essential portion" imitates the title of the complainants' publication in a manner adopted for the purpose of misleading and calculated to mislead ordinary purchasers.
3. SAME—PRIOR USE OF COMPLAINANTS' TITLE.
    In such a case the prior use of the "essential portion" of the title of complainants' book is not a valid objection to the exclusive right claimed by the complainants.

This was a suit in equity by Harper & Bros. against William A. Holman and others, trading as A. J. Holman & Co., for alleged infringement of complainants' right in the name of a book, and also for an infringement of their copyrights. A demurrer to the bill was heretofore overruled. See 84 Fed. 222. The cause is now heard upon a motion for a preliminary injunction.

George L. Rives, Josiah R. Sypher, and Augustus T. Gurlitz, for complainants.

Hector T. Fenton, for respondents.

DALLAS, Circuit Judge. The plaintiffs have moved for an injunction pendente lite to restrain the defendants—First, from continuing an alleged violation of copyright; and, second, from using, in connection with any book whatever, the name or designation "The Fram Expedition-Nansen in the Frozen World."

1. A preliminary injunction will not be awarded except in a plain case; and, upon careful consideration of the proofs as now presented, I cannot say that the infringement of copyright alleged has been so clearly established as to exclude substantial doubt upon that subject. It must not be supposed that I have reached a final conclusion upon this matter; but, while I deem it inexpedient to enter at this stage upon a discussion of the question, I may say that I am not now entirely satisfied that the text of the defendants' publication was not derived from sources which they were at liberty to use.

2. But, even upon the assumption that the defendants may lawfully put their volume upon the market in competition with those of the plaintiffs, equity requires such competition to be fair, and that the work of the defendants shall not be so named, advertised, or offered for sale as to indicate that it is that of the plaintiffs. McLean v. Fleming, 96 U. S. 245; Estes v. Williams, 21 Fed. 189; Estes v. Leslie, 27 Fed. 22; Association v. Howard, 60 Fed. 270. The titles of the conflicting books are not identical, and it is not necessary that they should be; but in that part which may well be called, in the words of Mr. Justice Clifford, the "essential portion," the imitation is manifest, and in connection with the other facts proved, especially as to the method of sale adopted by the defendants, and their instructions to their agents, is certainly such as would, I think, lead ordinary purchasers of the defendants' book to suppose that they were buying that of the complainants; and it is difficult to escape conviction that this result was foreseen and intended. McLean v. Fleming, supra; Estes v. Leslie, supra; Manufacturing Co. v. Trainer, 101 U. S. 65 et seq., per Clifford, J., dissenting.

The prior use of the words "Farthest North," as shown, is not a valid objection to the exclusive right now claimed by the plaintiffs (Estes v. Worthington, 31 Fed. 154); and the doctrine of the cases with respect to the use of words or names which are descriptive of quality and the like is inapplicable. The title used by the plaintiffs is, as is usual, indicative of the nature and contents of their book; but the defendants' imitation of it is applied to a volume which it does not aptly designate or describe, and its selection, instead of one more appropriate, can effect no object but to mislead purchasers, and deprive the plaintiffs of the reward earned by their enterprise and expenditures. A decree for a preliminary injunction, in accordance with this opinion, will be entered.