LARE et al. v. HARPER & BROS.

(Circuit Court of Appeals, Third Circuit.    March 28, 1898.)

No. 16.

UNFAIR COMPETITION—PRELIMINARY INJUNCTION.

> The complainant had published a book entitled "Farthest North. Nansen," composed mainly by Dr. Nansen. Afterwards the defendants commenced the publication of a book under the title "The Fram Expedition. Nansen in the Frozen World." The defendants' book contained a number of portraits and illustrations similar to those made use of by the complainant, and part of substantially the same literary matter. It contained accounts of sundry arctic expeditions prior to Dr. Nansen's polar voyage, to which reference is made in complainant's book. But the defendants' book differed from the complainant's in respect to style, price, number of volumes, and color, to such an extent that an ordinary customer possessing common intelligence would not mistake the one for the other. *Held*, that the complainant was not entitled to a preliminary injunction on the ground of unfair competition in trade.

Appeal from the Circuit Court of the United States for the Eastern District of Pennsylvania.

Hector T. Fenton, for appellants.

A. T. Gurlitz, for appellee.

Before ACHESON, Circuit Judge, and KIRKPATRICK and BRADFORD, District Judges.

BRADFORD, District Judge.    This is an appeal from an interlocutory decree awarding a preliminary injunction restraining the defendants below, appellants, "from directly or indirectly advertising, offering to sell, selling or otherwise disposing of any books, either in the English language or in the Norwegian language, which are named, advertised, or offered for sale in such manner as to indicate that they are the books printed or published by the complainant; and also from printing upon or using in connection with any books the words 'The Fram Expedition.    Nansen in the Frozen World;' or any similar title or combination of words, or any imitation of the name of the complainant's books; and from in these ways and in any other way, form or manner whatever, infringing upon or interfering with the rights and business of the complainant in the premises." The complainant's books referred to consist of an English translation of an account of the recent Norwegian polar expedition conducted by Dr. Fridtjof Nansen, composed by him mainly, if not wholly, in the Norwegian language, and an appendix containing an English translation of the report of Captain Otto Sverdrup relating to the drifting of the steamer Fram, composed by the latter in the Norwegian and translated into the English language. The complainant claims that it duly obtained copyright in and to the above work for the United States February 8, 1897, and that it was put on the market in March of the same year, all of the requirements of the law relating to copyright having been complied with. The cause of controversy between the parties was the publication, in both the Norwegian and English languages, and sale by A. J. Holman & Co., of which firm the appellants are survivors, during and after June, 1897, of a certain book, the composition of

which need not be here stated with any particularity of detail. It is sufficient to say that it contains part of the same, or of substantially the same, literary matter found in the complainant's book, also a number of portraits and pictorial illustrations similar to those made use of by the complainant in its book, and accounts of sundry arctic expeditions, prior to Dr. Nansen's polar voyage, to which reference is also made in the complainant's book.

Although the complainant in its bill deals largely with the question of infringement by the defendants of rights claimed to have been secured to the former by copyright, we, like the learned judge below, are not satisfied that the defendants were not at liberty to make use of the text, portraits and pictorial illustrations contained in their book by way of publication and sale; and, therefore, for the purpose of disposing of this appeal it must be assumed that the defendants possessed that right. The injunction was based upon supposed unfair competition in trade by the defendants in putting their book on the market. It is a wholesome doctrine that equity will restrain unfair competition in trade; but it should be applied with caution, lest, through possible misapplication, healthful and honorable competition be defeated. Particularly is this true with respect to literary, historical and scientific works. The complainant was not entitled to a monopoly in the subject of arctic explorations; nor had it an exclusive right to publish and sell books relating to Nansen's polar expedition. That subject was open to the world. Nor had the complainant an exclusive right, as against the defendants, to the use of the words "The Fram Expedition. Nansen in the Frozen World," or of any of them. There can be little doubt that Nansen's exploits served to kindle popular interest in arctic explorations. In fact the record discloses that they were the proximate cause of the publication by the defendants of their book. But this circumstance does not in the least militate against good faith or fair dealing on their part. It appears that months before Nansen began to write an account of the expedition the defendants had determined to publish a book on that and kindred subjects. Nor does the appearance or title of the defendants' book disclose any intent to indulge in unfair competition with the complainant. Certainly the difference between the two books is obvious to any ordinary customer of such works. The complainant's book is in two volumes containing respectively 587 and 714 pages, and is bound in brown cloth. The defendants' book is in one volume, containing, in the English edition, 531 pages, and, in the Norwegian edition 524 pages, and is bound in blue cloth in both editions. The complainant's book contains on the outside cover a circular figure inclosing the words, "Farthest North. Nansen," and on the inside title page the words and figures: "Farthest North. Being the Record of a Voyage of Exploration of the Ship Fram 1893–96 and of a Fifteen Months' Sleigh Journey by Dr. Nansen and Lieut. Johansen. By Dr. Fridtjof Nansen, with an appendix by Otto Sverdrup, Captain of the Fram. About 120 full-page and Numerous Text Illustrations. 16 colored Plates in Fac Simile from Dr. Nansen's Own Sketches, etched Portrait, Photogravures, and 4 Maps. In Two Volumes, Vol. 1. New York. Harper & Brothers Publishers. 1897." The second volume is like

the first both in the outside cover and title and inside title page, except that it is marked "Vol. 2" instead of "Vol. 1."

The defendants' book contains on the outside cover the picture of a ship in the ice with a flag on her foremast bearing the word "Fram," with a polar bear in the foreground, and the words, in the English edition, "The Fram Expedition. Nansen in the Frozen World. Including earlier Arctic explorations." On the inside title page of the English edition are the words and figures, "The Fram Expedition. Nansen in the Frozen World. Preceded by a Biography of the Great Explorer and copious Extracts from Nansen's 'First Crossing of Greenland.' Also an account by Eivind Astrup, of Life Among People near the Pole, and his Journey Across Northern Greenland with Lieut. R. E. Peary, U. S. N. Arranged and Edited by S. L. Berens, Cand. Phil. Followed by a Brief History of the Principal Earlier Arctic Explorations, from the Ninth Century to the Peary Expedition, including those of Cabot, Frobisher, Bering, Sir John Franklin, Kane, Hayes, Hall, Nordenskjold, Nares, Schwatka, DeLong, Greely and others. By John E. Read, Assistant Editor of the 'Columbian Cyclopedia.' Profusely illustrated. Philadelphia, Pa. A. J. Holman & Co. Publishers. 1897." The Norwegian edition of the defendants' book contains on its cover and inside title page words in that language corresponding with the words on the cover and inside title page of the English edition. The complainant's book in two volumes sells at $10, and that of the defendants at $2. It is evident that the two works are calculated respectively to meet the demands of different classes of purchasers. There is nothing deceptive in the cover, outside title or title page of the defendants' book. Those titles, taken in conjunction, are fairly descriptive of the subject matter of the volume. They radically differ from the outside title and title page of the complainant's book. Comparing the two works, we are unable to perceive that any ordinary customer of such books possessing common intelligence should, in the absence of actual fraud practiced upon him, mistake the one for the other, without gross carelessness on his part. The answer expressly denies fraud and unfair competition. It is a rule, subject to few exceptions, that a preliminary injunction should not be awarded on ex parte affidavits, unless in a clear case. This rule has full application in a case like the present, where, though the bill should ultimately be dismissed, great damage would result from such an injunction to the standing and business of a book publishing house. If there be any substantial doubt as to the right to a preliminary injunction in such a case, it should be refused. In the present state of the proofs the court below was not justified in holding that the defendants have been guilty of unfair competition in trade. Consequently the decree for a preliminary injunction must be reversed and the injunction dissolved. The decree of the circuit court is reversed.