HARPER et al. v. LARE et al.

(Circuit Court, E. D. Pennsylvania. April 27, 1899.)

No. 56.

COPYRIGHT—INFRINGEMENT.

In Equity.

A. T. Gurlitz, J. R. Sypher, and Geo. L. Rives, for complainants.
H. T. Fenton, for respondents.

DALLAS, Circuit Judge. This case has been heard upon pleadings and proofs. It was previously before this court upon motion for a preliminary injunction (84 Fed. 224), and the judgment upon that motion was subsequently reversed by the circuit court of appeals. 30 C. C. A. 373, 86 Fed. 481. The application then made was for an injunction to restrain the defendants—First, from continuing an alleged violation of copyright; and, second, from using, in connection with any book whatever, the name or designation, "The Fram Expedition: Nansen in the Frozen World." The appellate court decided adversely to the complainants with respect to the matter first stated, and its

opinion upon that subject is, I think, conclusive even now. Therefore, the only question which I regard as being still, even partially, an open one, is that which arises under the allegation of unfair competition in trade; but it is proper to mention that the learned counsel of the plaintiffs, upon the oral argument, expressly reserved their right to hereafter insist upon every ground for relief which they had set up, and in their brief they say "that complainant cannot rest this case until it has been passed upon by the court of ultimate jurisdiction. The questions of copyright are of such controlling importance, and are so bound up with other questions involved, that such a course is absolutely imposed upon us." Upon the hearing of the motion for a preliminary injunction, I reached the conclusion that a case of unfair competition had been established, but I am now authoritatively instructed that that conclusion was erroneous. The proofs as now presented have, I think, somewhat strengthened the plaintiff's position, but, after careful consideration of them, I am unable to find that the defendants' competition was unfair, without giving to some of the facts which were considered by the court of appeals a significance which that tribunal has said should not be ascribed to them. Consequently I am constrained to hold that the bill has not been sustained. The primary facts are, in general, plain and uncontroverted. The only substantial question is as to the inference which should be deduced from them, and as that question, together with those relating to copyright, is to be again submitted to the court of last resort, I do not believe that any useful end would be attained by any further discussion of it by me. Bill dismissed, with costs.