NEW YORK ASBESTOS MFG. CO. v. AMBLER ASBESTOS AIR–CELL
COVERING CO. et al.

(Circuit Court, E. D. Pennsylvania. January 24, 1900.)

No. 61.

1. TRADE-MARKS—VALIDITY—DESCRIPTIVE TERMS.
    Terms which are descriptive of products, and identify the manufactured article to which they are applied, rather than the manufacturer, cannot be appropriated as trade-marks.

2. SAME—SUIT FOR UNFAIR COMPETITION.
    A preliminary injunction against alleged unfair competition will not be granted on ex parte affidavits unless a clear case is made out where it would result in serious damage to defendant, though the bill should ultimately be dismissed.

This is a suit in equity for infringement of a trade-mark and for unfair competition. On motion for preliminary injunction.

Schreiter & Matthews, for complainant.

Joseph C. Fraley, Henry N. Paul, Jr., and H. La Barre Jayne, for respondents.

DALLAS, Circuit Judge. That either "air-cell" or "fire-board," as used by the plaintiff, constitutes a valid trade-mark, is at least open to very serious doubt. The impression now made upon my mind is that those terms are descriptive of certain products; that they identify the manufactured articles with which they are associated, not the manufacturer thereof; and no more need be said upon the subject of trade-mark, separately considered, upon this motion. New York Asbestos Mfg. Co. v. New York Fireproof Covering Co. (Sup.) 62 N. Y. Supp. 339; Vitascope Co. v. U. S. Phonograph Co. (C. C.) 83 Fed. 32.

Neither has it been made satisfactorily to appear that the defendant's competition with the plaintiff has been unfair to the latter, or misleading to the trade or the public. In Lare v. Harper & Bros., 30 C. C. A. 373, 86 Fed. 482, it was said:

"It is a wholesome doctrine that equity will restrain unfair competition in trade; but it should be applied with caution, lest, through possible misapplication, healthful and honorable competition be defeated." And, further, that "it is a rule, subject to few exceptions, that a preliminary injunction should not be awarded on ex parte affidavits, unless in a clear case. This rule has full application in a case like the present [a suit for unfair competition], where, though the bill should ultimately be dismissed. great damage would result from such an injunction," etc.

These observations are quite as pertinent to this case as to the one in which they were made. In Van Camp Packing Co. v. Cruikshanks Bros. Co., 33 C. C. A. 280, 90 Fed. 814, the court of appeals for this

circuit, which also decided Lare v. Harper & Bros., supra, affirmed an order refusing a preliminary injunction, which had been sought to restrain the alleged imitation by the defendant of the plaintiff's boxes and the stamps and letters upon them, because in a "state of uncertainty" the writ ought not to be awarded. In each of these cases the evidence in support of the motion was, in my opinion, more nearly convincing than it is in the present one. Preliminary injunction refused.