HARPER & BROS. v. LARE et al.

(Circuit Court of Appeals, Third Circuit. June 1, 1900.)

No. 19.

UNFAIR COMPETITION—BOOKS RELATING TO SAME SUBJECT—SIMILARITY OF TITLES.

Complainant published a book entitled: "Farthest North. Nansen,"—composed chiefly by Dr. Nansen in Norwegian, and translated into English. Afterwards defendants published a work under the name: "The 'Fram' Expedition. Nansen in the Frozen World. Including earlier Arctic Explorations,"—which contained part of the same, or substantially the same, literary matter as complainant's book, relating to the polar voyage of Dr. Nansen, and also a number of similar portraits and illustrations, together with an account of sundry earlier expeditions. It differed from complainant's book, however, so much, in cover, outside title, and title page, that no one of ordinary intelligence could mistake the one for the other. *Held* that, in the absence of proof that defendants had practiced fraud or deception in the sale of their book, complainant was not entitled to an injunction on the ground of unfair competition.[1]

Appeal from the Circuit Court of the United States for the Eastern District of Pennsylvania.

A. T. Gurlitz, for appellant.
Hector T. Fenton, for appellees.

Before ACHESON and GRAY, Circuit Judges, and BRADFORD, District Judge.

BRADFORD, District Judge. This is an appeal from the decree of the circuit court for the eastern district of Pennsylvania dismissing the bill of the appellant, complainant below. 93 Fed. 989. The bill charges unfair competition in trade and violation of certain alleged

[1] Unfair competition in trade, see notes to Scheuer v. Muller, 20 C. C. A. 165, and Lare v. Harper & Bros., 30 C. C. A. 376.

copyrights. The case was before this court several terms ago on an appeal from an interlocutory decree awarding a preliminary injunction. Lare v. Harper & Bros., 30 C. C. A. 373, 86 Fed. 481. On the evidence then submitted the court held that the complainant had failed to sustain its bill on either ground, and accordingly reversed the decree. The case is now before us on plenary proofs. The appellant has on the market for sale a book entitled on its outside cover "Farthest North. Nansen," which consists of an English translation of an account of the recent Norwegian polar expedition conducted by Dr. Fridtjof Nansen, composed by him in the Norwegian language, and of the report of Otto Sverdrup relating to the drifting, of the steamer Fram, composed by the latter in the Norwegian and translated into the English language. The appellees publish and sell a book entitled on its outside cover "The 'Fram' Expedition. Nansen in the Frozen World. Including earlier Arctic Explorations," containing part of the same or of substantially the same literary matter found in the appellant's book, also portraits and pictorial illustrations similar to those made use of by the appellant, and accounts of sundry arctic expeditions prior to Dr. Nansen's polar voyage. The book of the appellees so differs from that of the appellant in cover, outside title and title page that no one of ordinary intelligence seeing both of them could confound the two. This court when the case was last before it said:

"The complainant was not entitled to a monopoly in the subject of arctic explorations; nor had it an exclusive right to publish and sell books relating to Nansen's polar expedition. That subject was open to the world. Nor had the complainant an exclusive right, as against the defendants, to the use of the words 'The "Fram" Expedition. Nansen in the Frozen World,' or of any of them. There can be little doubt that Nansen's exploits served to kindle popular interest in arctic explorations. In fact the record discloses that they were the proximate cause of the publication by the defendants of their book. But this circumstance does not in the least militate against good faith or fair dealing on their part. It appears that months before Nansen began to write an account of the expedition the defendants had determined to publish a book on that and kindred subjects. Nor does the appearance or title of the defendants' book disclose any intent to indulge in unfair competition with the complainant. Certainly the difference between the two books is obvious to any ordinary customer of such works. * * * There is nothing deceptive in the cover, outside title or title page of the defendants' book. Those titles, taken in conjunction, are fairly descriptive of the subject matter of the volume. They radically differ from the outside title and title page of the complainant's book. Comparing the two works, we are unable to perceive that any ordinary customer of such books possessing common intelligence should, in the absence of actual fraud practiced upon him, mistake the one for the other, without gross carelessness on his part."

If it were true that the appellees had practiced fraud or deception in palming off their book as the book of the appellant an injunction undoubtedly would lie against such unfair and fraudulent conduct, but it would by no means follow that the injunction should be so broad as wholly to suppress the publication and sale of a book which the appellees would have a right to put on the market by fair and proper means. On the evidence, however, we are not satisfied that the appellees have practiced fraud or deception in the sale of their

book. Certainly the prospectus they use in selling their book on subscription and which is exhibited by their canvassing agents is not calculated, in the absence of fraudulent representations, to mislead anyone into the belief that he is subscribing for or purchasing the appellant's book. We think that the charge of unfair competition by the appellees has not been sustained. The remaining point in the case relates to alleged violation by the appellees of rights claimed by the appellant to have been secured to it by copyright. Careful examination of the evidence has satisfied us that this charge is not sustainable. All the text, portraits and pictorial illustrations contained in the appellees' book they had a right, certainly as against the appellant, to use and publish. All of them were obtained from sources to which the appellees resorted without involving the breach of any right of the appellant.

The decree of the Circuit Court is affirmed.