NEW YORK ASBESTOS MFG. CO. v. AMBLER ASBESTOS AIR-CELL COVERING CO. et al.

(Circuit Court of Appeals, Third Circuit. June 19, 1900.)

No. 23.

1. APPEAL AND ERROR—REFUSAL OF PRELIMINARY INJUNCTION.
   A judgment of the circuit court refusing a preliminary injunction will not be reversed by the court of appeals except for very strong reasons.

2. TRADE-MARKS—DESCRIPTIVE WORDS—PRELIMINARY INJUNCTION.
   The use of the words "air cell" and "fireboard," in designating certain fireproof material manufactured and sold by defendant, does not amount to such a fraud upon a previous manufacturer of similar products as will warrant the issue of a preliminary injunction upon the pleadings.

3. SAME—EX PARTE AFFIDAVITS.
   A preliminary injunction will not be awarded on ex parte affidavits, to restrain alleged unfair competition in trade, except in a clear case.

Appeal from the Circuit Court of the United States for the Eastern District of Pennsylvania.

Henry Schreiter, for appellant.
Henry N. Paul, Jr., and Joseph C. Fraley, for appellees.

Before ACHESON and GRAY, Circuit Judges, and BRADFORD, District Judge.

GRAY, Circuit Judge.  This is an appeal from an order of the circuit court of the United States for the Eastern district of Pennsylvania, entered on the 3d day of February, 1900, denying appellant's motion for preliminary injunction, as prayed for in the bill of complaint.  The suit is brought by appellant, a corporation organized and existing by virtue of the laws of the state of New York, against the appellees, the Ambler Asbestos Air Cell Covering Company, chartered by the state of Pennsylvania, and the other named defendants, as officers thereof. The bill charges respondents with acts of unfair and fraudulent competition in trade, and also with infringement of trade-marks; but, in the argument, counsel for appellant disclaimed reliance on this charge, and confined themselves to the contention as to unfair and fraudulent competition in trade.  The motion for preliminary injunction was made upon the pleadings, bill of complaint, answer, and replication, and upon the affidavits and exhibits submitted with the moving papers; and it is the appeal from the refusal of the court below to grant a preliminary injunction that is now before this court.

The granting of a preliminary injunction is an exercise of a very far reaching power, never to be indulged in except in a case clearly demanding it; and the decision of a court of first instance, refusing such an injunction, will not, except for very strong reasons, be reversed by this court.  The unfair and fraudulent competition alleged, and sought to be supported by affidavits and exhibits submitted with the moving papers, is the use by defendants of the words "air cell" and "fireboard" in designating certain fireproof material manufactured and sold by them.  The value of air, as a nonconductor of heat, has long been known, and its utilization in nonconducting coverings for boilers, and other appliances for the interception of and protection from heat, antedates its use by either complainant or defendants. A careful examination of the pleadings and affidavits printed in the record fails to convince us of the propriety of issuing a preliminary injunction on the ground that the use made by defendants of the words "air cell" and "fireboard," in designating their product, amounted to a fraud on complainant or the public, or to unfair competition in trade; and this, without prejudice to any determination to be hereafter made by the court below of the issues involved, upon the final hearing of the case.  We think the court below wisely exercised its discretion in refusing a preliminary injunction asked for, and we here quote and adopt the opinion of the learned judge of that court (99 Fed. 85), as expressing satisfactorily our views in this case:

"Dallas, J.  That either 'air cell' or 'fireboard,' as used by the plaintiff, constitutes a valid trade-mark, is, at least, open to very serious doubt.  The impression now made upon my mind is that those terms are descriptive of certain products; that they identify the manufactured articles with which they are associated,—not the manufacturer thereof; and no more need be said upon the subject of trade-mark, separately considered, upon this motion.  New York Asbestos Mfg. Co. v. New York Fireproof Covering Co. (Sup.) 62 N. Y. Supp. 339; Vitascope Co. v. U. S. Phonograph Co. (C. C.) 83 Fed. 32.

"Neither has it been made satisfactorily to appear that the defendant's competition with the plaintiff has been unfair to the latter, or misleading to the trade or the public.  In Lare v. Harper & Bros., 30 C. C. A. 373, 86 Fed. 482, it was said: 'It is a wholesome doctrine that equity will restrain unfair competition in trade; but it should be applied with caution, lest, through possible

misapplication, healthful and honorable competition be defeated;' and, further, that 'it is a rule, subject to few exceptions, that a preliminary injunction should not be awarded on ex parte affidavits, unless in a clear case. This rule has full application in a case like the present [a suit for unfair competition], where, though the bill should ultimately be dismissed, great damage would result from such an injunction,' etc. These observations are quite as pertinent to this case as to the one in which they were made. In Van Camp Packing Co. v. Cruikshanks Bros. Co., 33 C. C. A. 280, 90 Fed. 814, the court of appeals for this circuit (which also decided Lare v. Harper & Bros., supra) affirmed an order refusing a preliminary injunction, which had been sought to restrain the alleged imitation by the defendant of the plaintiff's boxes and the stamps and letters upon them, because, in a 'state of uncertainty,' the writ ought not to be awarded. In each of these cases the evidence in support of the motion was, in my opinion, more nearly convincing than it is in the present one. Preliminary injunction refused."

The order and decree of the circuit court is hereby affirmed.