SMITH et al. v. BOWKER–TORREY CO.

(District Court, D. Massachusetts. November 6, 1912.)

No. 176 (C. C. No. 725).

1. Equity (§ 223*)—Pleading—Allegation of Fraud—Demurrer.

An allegation, in a petition by the receivers for a corporation against a third person, that in procuring a loan for the corporation at an exorbitant rate of interest he falsely represented that he was acting independently and pledging his own credit, whereas in fact he was acting as agent for a trust company, also joined as a defendant, which furnished the money on the security given by the corporation, is a sufficient allegation of fraud, as against a demurrer, to sustain a prayer for an accounting.

[Ed. Note.—For other cases, see Equity, Cent. Dig. § 502; Dec. Dig. § 223.*]

2. Equity (§ 241*)—Pleading—Demurrer.

If questions of law, sought to be raised by a demurrer in equity, may turn upon slight variations between the allegations and proofs, it is within the discretion of the court to overrule the demurrer and permit the defendant to insist on the same defense by answer.

[Ed. Note.—For other cases, see Equity, Cent. Dig. § 515; Dec. Dig. § 241.*]

In Equity. Suit by Albert O. Smith, conservator, and others, against the Bowker-Torrey Company. On demurrer and exceptions of Grafton Sanderson and the Waltham Trust Company to receiver's petition for an accounting. Overruled.

*For other cases see same topic & § number in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Frederick H. Nash, of Boston, Mass., receiver, pro se.

Brandeis, Dunbar & Nutter, of Boston, Mass., for Grafton Sanderson and Waltham Trust Co.

BROWN, District Judge. [1] The receiver's petition alleges that Sanderson acted in the matter to which the petition relates as agent for the Waltham Trust Company, that the fact of said agency was undisclosed, and that Sanderson pretended to be acting in an independent capacity. It also sets forth certain representations by Sanderson, charged to be false, and that by said representations certain sums were procured.

The demurrers raise the question whether the representations set forth constitute in law such fraud as to entitle the receiver to a rescission.

It is at least doubtful whether the doctrine in respect to the latitude which is accorded to a merchant in commending or puffing his goods has a proper application to such false representations as are set forth in the petition. Harris v. Rosenberger, 145 Fed. 449, 455, 76 C. C. A. 225, 13 L. R. A. (N. S.) 762.

It cannot be said as a matter of law that the statement alleged to have been made by Sanderson, that he was pledging his own credit, was not a substantial inducement to a contract for the payment of so high a rate as 3 per cent. per month for a loan upon security which was immediately passed over to the Trust Company and was accepted by it as sufficient security for a loan at the rate of 6 per cent. per annum.

[2] The receiver contends that the present case is a proper one for the application of the rule that, if the questions of law may turn upon a slight variation between the facts as stated by the bill and those which may be established by the evidence, the court will not support a demurrer but will permit the respondent to insist upon the same defense by answer. This rule is well established, and was applied in this circuit in Snyder v. De Forrest Wireless Telegraph Co. (C. C.) 154 Fed. 142, 144. See, also, Virginia v. West Virginia, 206 U. S. 290, 27 Sup. Ct. 732, 51 L. Ed. 1068; Kansas v. Colorado, 185 U. S. 125, 144, 145, 22 Sup. Ct. 552, 46 L. Ed. 838; Rankin v. Miller (C. C.) 130 Fed. 229.

If it be true, as alleged, that the Trust Company was the undisclosed principal in the transaction, it would seem to be a proper party to the accounting, especially as the petition contains a prayer for general relief against it, as well as against Sanderson. The answers filed on behalf of Sanderson and the Trust Company raise direct issues, both as to the fact of agency and as to the fact of misrepresentation.

I am of the opinion that the proper course in this case is to overrule the demurrers and exceptions, reserving to final hearing all substantial questions of law appearing upon the face of the petition, and that the parties should proceed forthwith to take testimony upon the issues of fact made by the petition and answers.

A draft decree may be presented accordingly.