## ONEIDA COMMUNITY, Limited, v. FOUKE FUR CO.

(District Court, D. Delaware. January 17, 1923.)

No. 507.

1. **Injunction ⟨key⟩151—Novel and important legal question will not be decided affirmatively on motion for preliminary injunction.**

Where a bill for injunction raises a novel and important legal question as to whether statutes and decisions, since the decision of a prior case in another circuit denying the relief, have rendered the principle there applied inapplicable, the question will not be decided, at least affirmatively, on the motion for preliminary injunction.

2. **Injunction ⟨key⟩145—Preliminary injunction not granted, where affidavits are conflicting.**

A preliminary injunction will not be granted where complainant's affidavits as to defendant's reasons or motives for his acts, which are material on complainant's theory of its case, are conflicting.

⟨key⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**3. Injunction ☞129(1)—Bill not dismissed on motion, where affidavits for injunction show other facts will be brought out.**

Where the bill for an injunction raises intricate, novel, and important legal questions, and the affidavits in favor of and opposed to a motion for preliminary injunction indicate that on final hearing many facts alleged in the bill will be seriously challenged, defendant's motion to dismiss the bill will be denied, without prejudice to its right to take by answer whatever advantage it might have by the motion.

In Equity. Suit by the Oneida Community, Limited, against the Fouke Fur Company. On complainant's motion for preliminary injunction, and defendant's motion to dismiss the bill. Both motions denied.

Andrew C. Gray (of Ward, Gray & Neary), of Wilmington, Del., and Harry D. Nims, of New York City, for plaintiff.

Willard Saulsbury and Charles F. Curley, both of Wilmington, Del., and Selden P. Spencer, Forrest C. Donnell, and Edwin E. Hoffman, all of St. Louis, Mo., for defendant.

MORRIS, District Judge. The problems presented by this suit are obviously of the first magnitude. Their proper solution is of prime importance, not only to the litigants, but also to traders and business in general. In only one case, however, so far as I have been able to discover, has a private litigant sought to extend the principles here invoked to facts and circumstances substantially identical to those alleged in the present bill of complaint. In that case, Passaic Print Works v. Ely & Walker Dry Goods Co., 105 Fed. 163, 44 C. C. A. 426, 62 L. R. A. 673, decided upwards of 20 years ago, the majority of the Circuit Court of Appeals for the Eighth Circuit denied the applicability of those principles to like facts. The remaining judge, in an able and lucid dissenting opinion, held them to be applicable.

[1] Whether, on a new investigation upon principle, it must be concluded that, in truth, the law then was as stated by Judge Sanborn, and not as held by the majority of the court, or, if the majority was then correct, whether statutes and decisions passed and handed down since the Passaic Case, and dealing with more or less analogous conditions, evince that the business conscience of the nation has so changed, perchance improved, as to make the dissenting views of Judge Sanborn the law of to-day, is res nova, and of such intricacy and delicacy (Nordenfeldt v. Maxim-Nordenfeldt Gun & Ammunition Co., [1894] App. Cas. 535, 553; Anchor Electric Co. v. Hawkes, 171 Mass. 101, 104, 50 N. E. 509, 41 L. R. A. 189, 68 Am. St. Rep. 403), that it should not be decided, at least in the affirmative, upon a motion for a preliminary injunction (High on Injunctions, § 4).

[2] Moreover, the affidavits with respect to defendant's reasons or motives for his acts, material in the view of the complainant to its case, are conflicting. For this reason, also, the motion for a preliminary injunction must be denied. Lare v. Harper & Bros., 86 Fed. 481, 483, 30 C. C. A. 373; Kelly-Springfield Tire Co. v. Kelley Tire

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

& Rubber Co. (D. C.) 276 Fed. 826; Nims on Unfair Competition, § 366.

[3] The novelty, intricacy, and importance of the questions involved, and the indications from the affidavits that upon final hearing many facts alleged in the bill will be seriously challenged, lead me to conclude that it will likewise be promotive of justice to deny the motion to dismiss, and forbear proceeding further until all the facts are before me on the evidence. Kansas v. Colorado, 185 U. S. 125, 145, 22 Sup. Ct. 552, 46 L. Ed. 838; Virginia v. West Virginia, 206 U. S. 290, 322, 27 Sup. Ct. 732, 51 L. Ed. 1068; Smith v. Bowker-Torrey Co. (D. C.) 199 Fed. 985; Wright v. Barnard (D. C.) 233 Fed. 329.

The motion for preliminary injunction will therefore be denied, with costs, and the motion to dismiss the bill of complaint will be denied, without prejudice to the right of the defendant to take by answer whatever advantage might otherwise have been secured by the motion.