CINEMA PATENTS CO., Inc., v. CRAFT
FILM LABORATORIES, Inc., et al.

No. 799.

District Court, D. Delaware.

Aug. 20, 1930.

Charles C. Keedy, of Wilmington, Del., and Herbert A. Huebner, of New York City, for plaintiff.

Charles F. Curley, of Wilmington, Del., Charles A. Collin and George F. O'Neill, both of New York City, and C. Calvert Hines and Edwin S. Clarkson, both of Washington, D. C., for defendants.

NIELDS, District Judge.

The plaintiff, Cinema Patents Company, Inc., a New York corporation, engaged in the manufacture of machines and licensing others to make and use machines under the patents in suit, by its bill of complaint charges the defendants, Craft Film Laboratories, Inc., a Delaware corporation engaged in the business of processing motion picture films, and Steven J. Devoe, Harry Glickman, and Nat Saland, with infringement of two patents, Nos. 1,177,697 and 1,209,696, granted April 4, 1916, and December 26, 1916, respectively, upon applications filed by Leon Gaumont for motion picture film developing machines. The machines embody a series of tanks containing chemical solutions and rinsing water, with a drying device and system of supporting and driving rollers for continuously moving the film, so that it was developed, fixed, washed, dried, and ready for immediate use. Plaintiff acquired the Gaumont patents April 11, 1930.

In the answer, the defendant corporation admits that it has used the Gaumont machines complained of in the bill of complaint, but denies that its possession and use of said machines was an infringement of said patents, or of the rights of plaintiff thereunder. The business of processing moving picture films was established at Flushing, N. Y., by the Gaumont Company of New York in 1909, the year Gaumont, the inventor, applied for his first patent. Three Gaumont machines were immediately installed, and two years later three more machines were installed. Gaumont Company continued to operate the plant until 1920, when it was sold to the Associated Screen News, Inc. The new purchaser installed twenty more Gaumont machines, so that a battery of twenty-six machines was operating when the defendant corporation bought the plant on October 8, 1929. Thereafter defendant corporation continued to operate the plant and develop moving picture films by using these twenty-six Gaumont machines. It is the use of these twenty-six Gaumont machines which is complained of in the bill of complaint. All of these machines were manufactured in Paris, by Societe Etablissements Gaumont—Paris (early assignee of the patents), by whom they were sold to the predecessors of the defendant corporation at various times between 1909 and 1920. Defendant corporation claims that it acquired from its predecessors full right to the possession and use of said machines free and clear from any patent rights of the plaintiff.

Plaintiff filed a motion for a preliminary injunction. At the hearing of this motion the validity of plaintiff's patents was not challenged, and defendant corporation's title, as purchaser of the twenty-six Gaumont machines, was not questioned.

What was done to these twenty-six Gaumont machines, and each of them, by way of reconstruction, rebuilding, replacement of parts, or repair, was the real issue between the parties at the hearing of the motion. The statements contained in the ex parte affidavits are uncertain and indefinite, and lack that specification and certainty required for issuing a preliminary injunction. They do not indicate what parts of what machines were replaced from time to time, nor when such replacements occurred. In Lare v.

Harper & Bros., 86 F. 481, 483, the Circuit Court of Appeals of this circuit, said: "It is a rule, subject to few exceptions, that a preliminary injunction should not be awarded on ex parte affidavits, unless in a clear case. * * * If there be any substantial doubt as to the right to a preliminary injunction in such a case, it should be refused." Here there is such substantial doubt. No fair determination of the issue involved can be arrived at until all the facts are presented. Furthermore, it is not clear that a preliminary injunction is needed to protect any rights that the plaintiff may have. No irreparable injury to the plaintiff is imminent. The case is at issue, and an early trial may be had. If a preliminary injunction were improperly granted, the resulting injury to the defendant would be great and irreparable. An examination of the pleadings and affidavits fails to convince me of the propriety of issuing a preliminary injunction. The motion must be denied.

The defendants, relying on Equity Rule 29 (28 USCA § 723), have embodied in their answer a motion to dismiss the bill of complaint based on certain defenses claimed to have been heretofore presentable by plea in bar prior to the adoption of the new equity rules. Assuming, but not deciding, that the questions raised by the motion come within the scope of Equity Rule 29, and are now properly before the court, such questions involve a consideration of the same issue of repair, replacement, and reconstruction raised by the motion for preliminary injunction, and for the same reasons, the motion to dismiss must be denied.

A decree may be submitted.