**FAWCETT PUBLICATIONS, Inc., v. POPULAR MECHANICS CO. (two cases).**
Patent Appeals Nos. 2893, 2894.

Court of Customs and Patent Appeals.
May 31, 1932.

Chester W. Johnson and Dan J. O'Connell, both of Minneapolis, Minn., and Carl Miller and Gustave Miller, both of Washington, D. C., for appellant.

Edward S. Rogers and Allen M. Reed, both of Chicago, Ill., and Thomas L. Mead, Jr., of Washington, D. C., for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

HATFIELD, Associate Judge.

These are appeals in trade-mark opposition proceedings from decisions by the Commissioner of Patents, sustaining the oppositions of appellee, and adjudging that appellant is not entitled to the registrations for which it has applied. These decisions of the Commissioner reversed decisions by the Examiner of Interferences, who dismissed the oppositions and held that appellant was entitled to register the marks for which it had applied.

As both appeals involve substantially the same questions, they will be considered in one opinion. By stipulation of the parties, both appeals were merged in a single record.

Appeal No. 2893.

In this appeal, appellant seeks registration, under the Trade-Mark Act of February 20, 1905, of the notation "Modern Mechanics"; the first word being placed above the second, and both being inclosed within an elliptical border or line, used as a title for magazines. Appellee sets up prior adoption and use of the notation "Popular Mechanics" as a title for a monthly magazine, and claims prior ownership of said mark and registration of the same on November 17, 1914, registration No. 101,201.

The Commissioner in his opinion correctly states that: "Both parties have taken testimony and it satisfactorily appears that the opposer was long prior by many years—over a quarter of a century—in the field in the adoption and use of its mark, that it has used it widely, and has established a circulation of its magazines which at the present time is substantially half a million copies, that it has spent considerable sums in advertising and promoting the sale of its magazine, and the opposer is, in consequence, in possession of a valuable good will. Damage is further predicated by opposer upon the similarity of the applicant's mark to opposer's corporate name. There is evidence of actual confusion of the goods of the applicant with those of the opposer. * * *"

Without passing upon the descriptiveness of appellant's mark, the Commissioner held that confusion will result from the use of the two marks upon the respective magazines, and therefore sustained the opposition of appellee.

Appellant in its brief, and upon oral argument, contends that the word "Mechanics" is descriptive and cannot be exclusively appropriated as a trade-mark. In its brief it states: " * * * The applicant contends that the opposer has no exclusive trade-mark in the word 'Mechanics' at common law or by statute for the reason that 'Mechanics' is a descriptive name and not a proper subject for an exclusive trade-mark, but rather a word 'publici juris,' incapable of exclusive pre-emption by any individual or corporation. * * *"

If this contention be correct, it would seem clear that the addition of the word "Modern" would not render appellant's mark nondescriptive, but, if anything, would make appellant's mark more descriptive than the single word "Mechanics," and therefore it would not be registrable.

If, on the other hand, the word "Mechanics" be not descriptive, as applied to the title of a magazine, then we are clear that there would be confusing similarity between the title "Modern Mechanics" upon one magazine and the title "Popular Mechanics" upon another.

In such case, since appellee is the owner of a trade-mark registration of the notation "Popular Mechanics," it must prevail, pursuant to the provisions of section 5 of said Trade-Mark Act of February 20, 1905 (15 USCA § 85).

We find no error in the decision of the Commissioner, sustaining the opposition of appellee and adjudging that appellant is not entitled to the registration which it seeks.

Appeal No. 2894.

The facts in this appeal are similar to those involved in appeal No. 2893, with the exception that the mark here sought to be registered by appellant consists of the words "Modern Mechanics And Inventions"; the

word "Modern" being placed over the word "Mechanics," and the words "And Inventions" under the latter.

In our opinion, the addition of the words "And Inventions" to the words "Modern Mechanics" does not render the mark less descriptive than the words "Modern Mechanics" alone, and we believe there is confusing similarity between the words "Popular Mechanics" and the words "Modern Mechanics And Inventions," when applied to magazines.

For the reasons stated in considering appeal No. 2893, the decision of the Commissioner in this appeal must be affirmed.

The decisions of the Commissioner of Patents in appeals Nos. 2893 and 2894 are affirmed.

Affirmed.