POPULAR MECHANICS CO. v. FAWCETT PUBLICATIONS, Inc.

No. 984.

District Court, D. Delaware.

Oct. 3, 1932.

Hugh M. Morris, of Wilmington, Del., and Edward S. Rogers, of Chicago, Ill., for plaintiff.

Arthur G. Logan (of Marvel, Morford, Ward & Logan), of Wilmington, Del., and Chester W. Johnson, of Minneapolis, Minn., for defendant.

NIELDS, District Judge.

Popular Mechanics Company, the plaintiff, an Illinois corporation, publisher of the well-known monthly magazine "Popular Mechanics Magazine," usually called "Popular Mechanics," seeks a preliminary injunction restraining the defendant, Fawcett Publications, Inc., a Delaware corporation, from publishing a monthly magazine of the same general type and dealing with similar subject-matter under the title "Modern Mechanics" or "Modern Mechanics and Inventions." The magazines come into active competition with each other. The case turns largely on the use of the word "Mechanics."

Popular Mechanics has been published by the plaintiff since 1902. Upwards of 500,000 copies are sold each month. It is the best known magazine in its field. It is sold principally at news stands and in every state. The trade-name "Popular Mechanics" was registered by the plaintiff in the United States Patent Office November 17, 1914.

The defendant is the publisher of a number of magazines with a monthly circulation of approximately 2,500,000 copies. Included in these is the magazine complained of in this suit. From October, 1928, to August, 1932, it was published under the name "Modern Mechanics and Inventions," and since the latter date under the name "Modern Mechanix and Inventions." Its circulation varies from 75,000 to 100,000 copies a month.

Defendant desired to register the title of its magazine as a trade-mark. April 27, 1928, it made application to the Patent Office for registration of the words "Modern Mechanics" with an elliptical border line around these two words. Opposition to such registration was promptly filed by the plaintiff. The defendant filed a second application for the registration of the name "Modern Mechanics and Inventions" without any border line. This was likewise opposed by the plaintiff. Correspondence and negotiations of the most friendly character were carried on between the parties in August, 1928, in an effort to reach an agreement as to a name to be applied to defendant's magazine unobjectionable to the plaintiff. These efforts were unsuccessful. Litigation in the Patent Office followed with an appeal to the Court of Customs and Patent Appeals. Fawcett Publications, Inc., v. Popular Mechanics Co., 58 F. (2d) 838. Finally, May 31, 1932, the defendant was denied registration. June 27, 1932, this suit was brought.

It is a general rule repeatedly enforced in this district and circuit that a preliminary injunction will not be granted on ex parte affidavits unless in a clear case, and particularly where the plaintiff has delayed bringing suit. Lare v. Harper & Bros., 86 F. 481 (C. C. A. 3). Best Foods v. Hemphill Packing Co. (D. C.) 295 F. 425. Cinema Patents Co. v. Craft Film Laboratories (D. C.) 42 F. (2d) 749.

Does this case come within the above rule? Plaintiff contends that its exclusive rights under its trade-mark "Popular Mechanics" have been infringed by the defendant through the use of the words "Modern Mechanics" and "Modern Mechanics and Inventions"; and, further, that the defendant has been guilty of unfair competition in trade. Before the plaintiff is entitled to relief under its first contention, it must appear that it has a valid trade-mark and a right to prevent the defendant from using words only colorably different from such registered trade-mark. The Court of Customs and Patent Appeals affirming the Commissioner of

Patents found that the words "Modern Mechanics" and "Modern Mechanics and Inventions" were deceptively similar to the name "Popular Mechanics." That decision, however, is not res judicata. Baldwin Co. v. Howard Co., 256 U. S. 35, 41 S. Ct. 405, 65 L. Ed. 816. The issue there was the right to registration in view of the registered trademark of plaintiff. The validity of plaintiff's trade-mark was not in question.

Plaintiff's trade-mark consists of the words "Popular Mechanics" printed in a "box" with a blue border, a white background, and red letters. The key word is "Mechanics." It is a common word in the English language. Its significance is merely that of descriptiveness. Coupled with the adjective "Popular," it is and was intended to be purely descriptive, indicating and describing the nature and subject-matter of plaintiff's magazine. I doubt whether it is a lawfully registered trade-mark. Warner & Co. v. Lilly & Co., 265 U. S. 526, 44 S. Ct. 615, 68 L. Ed. 1161.

A trade-name that merely performs the function of descriptiveness may yet be used in trade for such a length of time and in such a manner that it may also come to perform the additional function of indicating origin. In other words, in the mind of the purchasing public, the trade-name may have acquired a secondary meaning connoting a particular producer or vendor, or connoting superior quality or excellence in an article. Has plaintiff's trade-mark acquired such secondary meaning? This inquiry raises the real issue in this case, that of unfair competition.

At the top of the front cover of plaintiff's magazine its title "Popular Mechanics Magazine" is printed in a rectangular "box" with red letters on a white background and blue border, the words "Popular Mechanics" appearing in plain block letters of approximately the same size and the word "Magazine" thereunder in like letters of approximately one-third the size. On the "backbone" is printed the date, with the words "Popular Mechanics" in plain block letters printed in black on a white background. The title of defendant's magazine "Modern Mechanics and Inventions" appears at the top of the front cover of the magazine without an enclosing border. A "cut-out" letter is used with a black outline and the body of the letter showing white against varied colored backgrounds. The letters are not of uniform size. On the "backbone" is printed the date and price and the words "Modern Mechanics & Inventions"

in white letters on a bright red background. At the upper left-hand corner of the cover is printed in capital letters, though in relatively small type, the words "A Fawcett Publication." The covers of each magazine are brightly colored and feature different mechanical devices. For many years this has been the general style and dress of each magazine.

Plaintiff, with full knowledge of the acts of defendant, delayed nearly four years before bringing this suit. During that period upwards of 25,000,000 copies of these magazines have been distributed. Evidence of confusion is unsatisfactory and meager, amounting to less than fifty incidents. A large percentage of these was probably due to carelessness of news dealers, and not to confusion in the minds of the ultimate purchasers and readers of plaintiff's magazine. Nor is there any satisfactory evidence of damage to the plaintiff, such as decrease of circulation, due to the advent of defendant's magazine.

Plaintiff's only excuse for delay in instituting this suit was the pendency of the interference proceedings in the Patent Office. This is not a sufficient answer. The issues in that proceeding are quite different from the issues here.

A preliminary injunction must be denied.