## VAN CAMP PACKING CO. v. CRUIKSHANKS BROS. CO.

(Circuit Court of Appeals, Third Circuit.   November 28, 1898.)

### No. 11.

UNFAIR COMPETITION IN TRADE—IMITATION OF PACKAGES AND LABELS—PRE-
LIMINARY INJUNCTION.

Where imitation of packages, stamps, and letters is complained of, the question is whether there is such similarity as is likely to impose on ordinary purchasers, exercising such care only as is commonly used in purchasing the article in question.   When this question cannot be answered with certainty or safety, and there is no proof that any one has actually been misled, a preliminary injunction is properly denied.

Appeal from the Circuit Court of the United States for the Western District of Pennsylvania.

This was a suit in equity by the Van Camp Packing Company against Cruikshanks Bros. Company to restrain alleged unfair competition in business.   The complainant has appealed from an order of the circuit court refusing to grant a preliminary injunction.

V. H. Lockwood, for appellant.

George H. Quail, for appellee.

Before ACHESON and DALLAS, Circuit Judges, and BUTLER, District Judge.

BUTLER, District Judge.   The case is here on appeal from an order dismissing a motion for preliminary injunction.   The facts are correctly stated by the circuit court, as follows:

"The complainant, a corporation of the state of Indiana, filed this bill to restrain the respondents from infringement of their alleged trade-mark and from continuing unfair business competition.   The bill alleges that complainant has been engaged in making catsup since 1888, and had prior to August, 1896, built up a large trade in, and a valuable reputation for, catsup of its manufacture.   That about the latter date complainants began packing and selling single bottles of their catsup in paper boxes or cartons and placed thereon such devices and lettering as identified the Van Camp goods.   The bill states 'that the essential feature of said box or carton is the said representation of a bottle thereon'; that it was customary for grocers to place said boxes on their shelves with the picture of the bottle showing; that they also built up large pyramids of boxes on their counters and in their windows; that by means thereof, also of displays made by complainants at food exhibits through the country and extensive advertising of said style of packages, the public had become familiar with complainant's goods.   The bill alleges complainants were the first to put up catsup in boxes or cartons of the form and appearance described.   It alleges the respondents have since begun to pack and sell their catsup in cartons or boxes identically like those of complainant and with such illustrations, representations, words and other features as were calculated to deceive and mislead the public into the belief they were complainant's goods.   The respondent by answer and affidavits allege amongst other things, they have been manufacturing catsup for some eighteen years, that in January, 1897, they ordered paper boxes and thereafter began selling their catsup in such boxes; that they used the common ordinary style of 'knock down' box of a size suitable for a catsup bottle and placed thereon a picture of their own well-known bottle; that in color, style, lettering and design their package is radically different from complainant's; that it was not made to simulate or copy complainant's package.   They deny that any one has been deceived by their design and mistaken it for complainant's, and allege that no one using the most ordinary care, could mistake their package or goods for complainant's."

The defendant's use of boxes or cartons similar to the plaintiff's, without more, could not be complained of. It is a common method of packing various articles of merchandise; and even if the plaintiff was the first to apply it to packing catsup he has not thereby obtained a monopoly of its use for that purpose. Harrington v. Libby, Cox, Man. Trade-Mark Cas. No. 538, 12 O. G. 188 [Fed. Cas. No. 6,107]. The plaintiff admits this, but asserts that the defendant has so imitated his boxes and the stamps and letters upon them, as to mislead the public, and induce purchasers of his catsup under the belief that it is the plaintiff's. The boxes and their markings are readily distinguishable from the plaintiff's by intelligent persons; and with care ordinary purchasers would probably distinguish them. The question, however, is, do they bear such similarity as is likely to impose on ordinary purchasers, exercising such care only as is commonly used in purchasing such articles? This question cannot be answered with certainty, or safety, from the evidence before us. There is no proof that any one has been so misled. In this state of uncertainty the court was not wrong in denying the motion. As has frequently been said, to justify a preliminary injunction the plaintiff's case must be clear in all respects. Upon the record as at present made up, the plaintiff's is not. The appeal must therefore be dismissed and the order affirmed.