### FRANCK et al. v. FRANK CHICORY CO. et al.

(Circuit Court, E. D. Wisconsin.    June 12, 1899.)

UNFAIR COMPETITION—IMITATION OF LABELS—FORM AND COLOR OF PACKAGES.
 Complainant is the American branch of a German firm that manufactures a substitute for coffee from chicory, that has had an extensive sale in the United States for many years.   Its goods have for 25 years been put up in packages of cylindrical form, inclosed in red paper, labeled as "Franck" chicory, and familiarly known as "Franck's Red Roll Chicory." In 1892 defendant commenced the manufacture and sale of a similar article under the name of "Frank Chicory," put up in packages of the same form, color, and general appearance as complainant's, and which were evidently intended to, and did in fact, deceive purchasers familiar with complainant's goods.   Defendant afterwards omitted the name "Frank" from some of its packages, but continued to use the same form and color of package and general design of label.   *Held*, that the use of such packages, even as changed, was a continuance of the deception, which constituted unfair competition, and entitled complainant to an injunction restraining defendant from using not only the word "Frank," but also red wrappers or labels substantially identical in color with complainant's.[1]

This was a suit in equity for an accounting and an injunction against the use of complainants' trade name and unfair competition by the imitation of complainants' packages.

The following are complainants' exhibits:

[1] As to unfair competition in trade, see note to Scheuer v. Muller, 20 C. C. A. 165, and, supplementary thereto, note to Lare v. Harper, 30 C. C. A. 376.

Complainants' Exhibit. Defendant's Label A.

Complainants' Exhibit. Defendant's Label B.

Louis C. Raegener and W. J. Turner, for complainants.
Bloodgood, Kemper & Bloodgood, for defendants.

SEAMAN, District Judge.     The allegations of the bill of complaint
are fully sustained by the testimony, and a case of unfair competition
in trade is clearly established against the defendants.     The facts are
substantially as follows:  The firm of Heinrich Franck Söhne, of
Germany, are manufacturers of chicory as a substitute for coffee,
having several factories in Europe.   Their establishment dates from
about the year 1822, and its business has been extensive and well
known for half a century, and their products under the name of
"Franck Kaffee," and subsequently of "Franck Chicory," have been
sent to all parts of the civilized world.   For upwards of 35 years they
have had large trade in the United States, and in 1895 established
the branch firm of Heinrich Franck Söhne & Co., in this country, at
Flushing, L. I., the members of which are complainants in this action.
The designation "Kaffee" was abandoned in the United States some
years since, to avoid infringement of "pure food" laws in several
states, but the names "Franck Chicory," and "Genuine Franck," or
"Aechter Franck" (the German equivalent), have been constantly
preserved.   The packages have been made for upwards of 25 years
in cylindrical form, inclosed in red paper, and familiarly known
as "Franck's Red Roll Chicory."   Under the name of "Franck,"
and in such livery, the product obtained some degree of popularity
among the Germans of Wisconsin, especially at and in the vicinity
of Milwaukee, and including Cedarburg, where the defendants' busi-
ness was established.   In 1892 the "Frank Chicory Company" was
organized at Cedarburg, and entered upon the manufacture of chicory
under that name, in packages which are clearly colorable imitations
of the complainants' production.   The name of "Frank" is claimed
to have been derived from the name of a farmer, who was one of
the stockholders, and who raised chicory, although he was neither
a principal stockholder nor manager of the business.   The presi-
dent of the defendant company is a grocer, and admits his acquaint-
ance with and dealings in the "complainants' red roll chicory" for
15 or 20 years, and that such color was adopted by his company
because it "was the popular color."   The name "Frank" was evi-
dently found serviceable, and adopted for the same reason.   Sub-
sequently, when the question of infringement was raised, the de-
fendants changed the labels on a portion of their production to read
"Cedarburg Chicory Company," instead of "Frank Chicory Com-
pany," but preserved the same general appearance, form, and color;
and the earlier label was not discontinued in actual use.   As it is
manifest from the undisputed testimony that the defendants entered
the field with the imitation which was both calculated to and did
deceive purchasers who were familiar with the complainants' goods,
and thus captured the trade of the latter, and the substituted label
is a continuation of that deception in its appearance as a whole,
I am of opinion that the defendants must be enjoined from the use
of either label, and from using on the label the name "Franck" or
"Frank" to designate their goods, or to use a label which is so identi-

cal in color as to preserve the deception. It is true that one cannot obtain exclusive trade-mark rights in color or in form of package, but this case is not one solely for enforcement of a trade-mark. It is likewise true that other manufacturers have employed both the peculiar form, and in some instances the same color, but clearly distinguished in other respects from complainants' production. Under the circumstances shown, however, there can be no just relief from the unfair competition without a change in color as well. The defendants must be allowed no advantage out of the trade thus obtained wrongfully, but must establish the reputation of their goods upon merit, and without benefit of the imitation. Decree for the complainants may be prepared accordingly.