PFEIFFER et al. v. WILDE et al.

(Circuit Court, E. D. Pennsylvania. June 15, 1900.)

No. 31.

UNFAIR COMPETITION—SIMILARITY OF PACKAGES—RIGHT TO PRELIMINARY INJUNCTION.

The fact that a plaintiff was the first to put up a particular kind of merchandise in boxes does not give him any exclusive right to their use for that purpose, and he is not entitled to a preliminary injunction against the use of similar boxes by another manufacturer, unless it is clearly shown that the similarity is such as is likely to mislead and impose upon ordinary purchasers, exercising such care only as is commonly used in purchasing such articles, so as to constitute unfair competition.[1]

[1] Unfair competition in trade, see notes to Scheuer v. Muller, 20 C. C. A. 165, and Lare v. Harper & Bros., 30 C. C. A. 376.

In Equity. Suit for infringement of trade-mark and unfair competition. On motion for preliminary injunction.

Fred. J. Geiger, Edward Brooks, Jr., and Hector T. Fenton, for complainants.

E. H. Fairbanks, for respondents.

DALLAS, Circuit Judge. In suits to restrain infringement of trade-mark and unfair competition in trade, the decisions of the courts in other cases are not generally very helpful. The principles of law involved in such suits are well settled, and the only difficulty usually is to properly apply those principles to the particular facts, and these, of course, are never precisely the same in any two cases. But the question presented by the present controversy arises upon facts so nearly identical with those of a case decided by the circuit court of appeals for this circuit, less than two years ago, that I feel constrained to accept the decision then made as now controlling. I refer to Van Camp Packing Co. v. Cruikshanks Bros. Co., 33 C. C. A. 280, 90 Fed. 814. I participated in that judgment, but, speaking for myself only, I may say that I regarded it as being very close to the line. Yet that judgment is binding upon this court, and, as I have said, seems to me to be determinative of the motion under consideration. The essential resemblance of that case to this one appears even more clearly when the record as well as the report of the former is examined. I substantially quote a portion of the court's opinion in Van Camp Packing Co. v. Cruikshanks Bros. Co. when I say of the present case that the defendants' use of boxes similar to the plaintiffs', without more, could not be complained of. It is a common way of packing various articles of merchandise, and, even if the plaintiffs were the first to apply it to packing "coffee-essence," they have not thereby obtained a monopoly of its use for that purpose. The boxes and their markings are readily distinguishable from the plaintiffs' by intelligent persons, and, with care, ordinary purchasers would probably distinguish them. The question, however, is, do they bear such similarity as is likely to impose on ordinary purchasers, exercising such care only as is commonly used in purchasing such articles? This question cannot be answered with certainty or safety from the evidence before me. There is no proof that any one has been so misled. In this state of uncertainty, a preliminary injunction should not be awarded. To justify a preliminary injunction, the plaintiffs' case must be clear in all respects. See, also, Lare v. Harper & Bros., 30 C. C. A. 373, 86 Fed. 481. In Centaur Co. v. Hughes Bros. Mfg. Co., 34 C. C. A. 127, 91 Fed. 901, the court below refused a preliminary injunction, and the judgment reversing its decree was that of a divided court. Franck v. Chicory Co. (C. C.) 95 Fed. 818, was not decided upon a motion for a preliminary injunction, but on final hearing, and it was "manifest from the undisputed testimony that the defendants entered the field with the imitation which was both calculated to and did deceive purchasers," etc. The plaintiffs' motion for a preliminary injunction is denied.