PFEIFFER et al. v. WILDE et al.

(Circuit Court of Appeals, Third Circuit. February 27, 1901.)

No. 32.

UNFAIR COMPETITION—PRELIMINARY INJUNCTION—REVIEW OF ORDER DENYING.

To authorize the granting of a preliminary injunction against unfair competition by imitation of packages, the right should be clear; and where it was not shown in support of the motion that any purchaser had ever in fact been deceived, and the question whether the similarity complained of was such as was likely to deceive ordinary purchasers could not be determined with certainty on the evidence adduced, the discretion of the trial court, exercised in denying the motion, will not be interfered with by the appellate court.[1]

Appeal from the Circuit Court of the United States for the Eastern District of Pennsylvania.

Hector T. Fenton, for appellants.
E. Hayward Fairbanks, for appellees.

Before GRAY, Circuit Judge, and BRADFORD and McPHERSON, District Judges.

GRAY, Circuit Judge. This is an appeal from the order of the circuit court of the United States for the Eastern district of Pennsylvania denying a motion for preliminary injunction. 102 Fed. 658. The bill filed in this case states that the complainants are citizens of the empire of Germany, and residents therein, and that the defendants are citizens of the state of Pennsylvania; that complainants are engaged in the manufacture of a wholesome essence for coffee, used for purposes of giving additional flavor to coffee and making it more palatable; that by an agent they and their predecessors had been dealing in and selling the said coffee essence in the city of Philadelphia since September, 1891. The complainants then proceed to describe their mode of putting up the said

[1] Unfair competition in trade, see notes to Scheuer v. Muller, 20 C. C. A. 165; Lare v. Harper & Bros., 30 C. C. A. 376.

essence in tin boxes of a uniform height and diameter, and the peculiar markings on the tins and labels. They aver that on September 15, 1891, in order to protect themselves, they caused a portion of the said label to be registered, according to law, in the patent office of the United States, and that neither in 1891 nor at any time prior thereto did there exist any article, sold in any part of the United States, or in any part of the world, as complainants are informed and believe, which was distinguished by wrappers, packages, or by the manner of putting up the same resembling, or which could by any possibility be confused in general appearance or style with, the articles so put up for sale by complainants. The bill charges that the defendants, well knowing, etc., and fraudulently designing to procure custom and trade of persons desirous of purchasing and using the coffee essence sold by complainants throughout the United States, and to deceive such persons and the public, and relying upon the wide reputation and advertisement of the essence sold by complainants, and known as "Pfeiffer & Diller Kaffee Essenz," have manufactured and put upon the market another essence designed to be used for the same purposes, but put up in the same way, in imitation of the package, trade-mark, and label of the said "Pfeiffer & Diller Kaffee Essenz," and have sold large quantities of the said essence, put up in the manner aforesaid, with the intention and design that persons should believe they were buying and using the essence manufactured and sold by complainants. The other averments of the bill are that the said essence of defendants was calculated to deceive, and intended so to do, and that the defendants sold and intended to sell said preparation at a less price than that established by complainants. The prayers of the bill are for injunctions, preliminary and perpetual, to prevent the selling, etc., by the defendants, of any packages of the essence so marked and wrapped in alleged imitation of complainants' article, in violation of the trade-mark, and from unfair competition. At the hearing of the motion for a preliminary injunction numerous affidavits were filed by complainants and defendants, and the motion argued before his honor, Judge Dallas, in the court below. The argument was confined to the prayer against unfair competition, the counsel for complainants not pressing the prayer for relief against the infringement of the trade-mark, except so far as it appears on the lid of the box. The learned judge of that court filed an opinion denying the motion, as follows:

"In suits to restrain infringement of trade-mark and unfair competition in trade the decisions of the courts in other cases are not, generally, very helpful. The principles of law involved in suits are well settled, and the only difficulty usually is to properly apply those principles to the particular facts; and these, of course, are never precisely the same in any two cases. But the question presented by the present controversy arises upon facts so nearly identical with those of a case decided by the circuit court of appeals for this circuit less than two years ago that I feel constrained to accept the decision then made as now controlling. I refer to Van Camp Packing Co. v. Cruikshanks Bros. Co., 33 C. C. A. 280, 90 Fed. 814. I participated in that judgment, but, speaking for myself only, I may say that I regarded it as being very close to the line. Yet that judgment is binding upon this court, and, as I have said, seems to me to be determinative of the motion under consideration. The

essential resemblance of that case to this one appears even more clearly when the record, as well as the report of the former, is examined. I substantially quote a portion of the court's opinion in Van Camp Packing Co. v. Cruikshanks Bros. Co., when I say of the present case that the defendants' use of boxes similar to the plaintiffs', without more, could not be complained of. It is a common way of packing various articles of merchandise; and, even if the plaintiffs were the first to apply it to packing 'coffee essence,' they have not thereby obtained a monopoly of its use for that purpose. The boxes and their markings are readily distinguishable from the plaintiffs' by intelligent persons; and with care ordinary purchasers would probably distinguish them. The question, however, is, do they bear such similarity as is likely to impose on ordinary purchasers, exercising such care only as is commonly used in purchasing such articles? This question cannot be answered with certainty or safety from the evidence before me. There is no proof that any one has been so misled. In this state of uncertainty, a preliminary injunction should not be awarded. To justify a preliminary injunction, the plaintiffs' case must be clear in all respects. See Lare v. Harper & Bros., 30 C. C. A. 373, 86 Fed. 481. In Centaur Co. v. Hughes Bros.' Mfg. Co., 34 C. C. A. 127, 91 Fed. 901, the court below refused a preliminary injunction, and the judgment reversing its decree was that of a divided court. Franck v. Frank Chickory Co. (C. C.) 95 Fed. 818, was not decided upon a motion for a preliminary injunction, but on final hearing; and it was 'manifest from the undisputed testimony that the defendants entered the field with the imitation which was both calculated to and did deceive purchasers,' etc. The plaintiffs' motion for a preliminary injunction is denied."

A careful reading and consideration of the bill and affidavits of complainants and the counter affidavits of defendants has failed to furnish this court with satisfactory grounds upon which to criticise or reverse the judgment of the court below. We cannot say that the necessity for a preliminary injunction is pressing, or that the right is clear, or that the apprehended injury is grievous. It appears by the evidence that the defendants have a large established business, and that their article has gone largely into the market. It is not apparent that the injury resulting to defendants in case a preliminary injunction was granted would be less than that resulting to the complainants in case of its being refused. It is especially noteworthy that, though several affiants on the part of the complainants below state that the packages of defendants below were capable of deceiving those who purchased them from their similarity to those of complainants below, yet none of them declare or show that any one had actually been deceived or misled by the markings on the same. Appellate courts are reluctant to interfere with the discretion exercised by a court below in the granting or denial of a preliminary injunction, unless strong reasons are presented for their doing so. Such reasons are lacking in this case, and we approve the grounds upon which the court below denied complainants' motion. The order of the court below is hereby affirmed.