HEIDE v. WALLACE & CO.

(Circuit Court of Appeals, Third Circuit. March 8, 1905.)

No. 33.

UNFAIR COMPETITION—MATTERS NOT SUBJECT TO MONOPOLY—NAME AND SHAPE OF CONFECTION.

A manufacturer of a confection composed chiefly of licorice, and formed in diamond shape, with his initials embossed thereon, and sold under the name of "licorice pastilles," has no exclusive right either in the name, which is purely descriptive, or in the lozenge shape, which is

old in use and not indicative of origin; and another manufacturer of a similar article made in the same shape, but with a different letter embossed thereon, and sold under the same name, is not chargeable with unfair competition, where the boxes in which the confection is retailed, while of the same size and shape, are dissimilar in coloring and lettering, so that ordinary purchasers would not be deceived as to the origin of the goods.

[Ed. Note.—For cases in point, see vol. 46, Cent. Dig. Trade-Marks and Trade-Names, § 81.

Unfair competition, see notes to Scheuer v. Muller, 20 C. C. A. 165; Lare v. Harper, 30 C. C. A. 376.]

Appeal from the Circuit Court of the United States for the District of New Jersey.
See 129 Fed. 649.

Stephen J. Cox, for appellant.
Louis C. Raegener, for appellees.

Before ACHESON, DALLAS, and GRAY, Circuit Judges.

DALLAS, Circuit Judge. The assignment of errors in this case comprises nine specifications, but, as is said in the appellant's brief, "they, however, may all be condensed into the statement that the court erred in not holding that a case of unfair competition had been made out."

In Bickmore Gall Cure Co. v. Karns (decided at this term) 134 Fed. 833, we said:

"Undoubtedly, where two persons are engaged in selling like goods, neither of them has, or can acquire, the exclusive privilege to aptly designate and describe them, or to attractively present them for sale, with appropriate directions for their use; but neither of them has the right to do any of these things in such manner as insidiously to mislead purchasers into the belief that his wares are those of his competitor."

This proposition is applicable to the present case, but the facts to which it is now to be applied are very different from those which were presented in the former one. The appellant makes a confection composed of licorice and gum, flavored with mint, which he calls a "licorice pastille." He forms it in diamond shape, and marks it with the embossed letters "H–H," the initial letters of his name. The appellees manufacture a similar article, of the same size and shape, which they mark with the embossed letter "W," the initial letter of their firm name, and this article they likewise denominate "licorice pastille." In doing this they invade no right of the appellant. The latter has no monopoly of the manufacture or sale of a comfit of licorice and gum, nor could he acquire the exclusive privilege to make it of a particular size or shape. These matters are characteristic of the article itself, and no dealer is entitled to impose restrictions upon his competitors with respect to them. They do not necessarily or naturally point to the source of origin of the goods, and if, by asserting appropriation for that purpose of an especially attractive size and shape, a manufacturer could obtain for himself alone the advantage to result from the superior attractiveness so attained, he might readily, not merely protect himself against unfair competition, but relieve himself from any competition

whatever. It is clear, too, that the fact that there is a raised device on the product of each party affords no ground for complaint by the appellant. If his symbol had been copied, or even simulated, by the appellees, a different case would have been presented; but the letter "W" on the appellees' pastilles is quite distinctly formed, and even upon the most casual observation, could not be mistaken for the letters "H–H" upon those of the appellant. So far, therefore, from having a misleading effect, the tendency of the appellees' device is to prevent misconception. The name "Licorice Pastilles," while it accurately denotes the things made, does not at all indicate by whom they are made. Licorice may be called "licorice" by any one, and "pastille"—a well-known word, though borrowed from the French—is a peculiarly appropriate designation for such an article as is here in question; and that it had been actually applied to the same character of goods prior to the appellant's application of it to his licorice confection, the opinion of the court below sufficiently shows. Consequently, the two words as joined in the term "licorice pastilles" constitute a descriptive appellation, which all persons may use, and which is not susceptible of exclusive appropriation by any person.

The small boxes in which the pastilles of the appellees are sold to consumers are of the same size and shape as those of the appellant, but such boxes are, and long have been, commonly used for packing similar wares, and even if the appellant had been the first to use them for packing licorice pastilles, he would not thereby have obtained a monopoly of their use for that purpose. The two boxes are strikingly different in their color and markings, and while, of course, purchasers desiring to buy pastilles of licorice, without caring by whom they had been made, would accept indifferently either those of Heide or of Wallace, yet it is not at all likely that a purchaser desiring to buy Heide's and not Wallace's, would be led, by any similarity of the respective packages, to accept the latter supposing them to be the former. Van Camp Packing Co. v. Cruikshanks Bros. Co., 90 Fed. 814, 33 C. C. A. 280. As was said by the learned judge below, the box of the appellant "is in mixed red and blue, set off with gilt, with the diamond trade-mark prominently displayed; while the defendant's package is predominantly yellow, with an entirely different style of letter in red, shaded with white on a black background, with their name written below. There is nothing whatever to suggest an attempt to catch the unwary purchaser and inveigle him into taking the one when he was seeking the other, nor could the most careless be deceived, except as he was in reality unconcerned as to which he got."

The decree of the Circuit Court is affirmed.