## DIAMOND MATCH CO. v. SAGINAW MATCH CO.

(Circuit Court of Appeals, Sixth Circuit.    January 20, 1906.)

1. TRADE-MARKS—COLORS—UNFAIR COMPETITION.

A manufacturer, without a patent, of tipped matches, in which it is essential that the head and tip should be of different colors to enable users to distinguish the tip on which the match should be struck, is not entitled to maintain a monopoly in the use of any two particular colors, merely because he used them first, and their use by another manufacturer without any simulation of packages calculated to deceive purchasers as to the origin of the goods does not constitute unfair competition.

[Ed. Note.—For cases in point, see vol. 46, Cent. Dig. Trade-Marks and Trade-Names, § 20. Unfair competition, see notes to Scheuer v. Mueller, 20 C. C. A. 165; Lare v. Harper & Bros., 30 C. C. A. 376.]

2. SAME.

As a rule, subject to certain exceptions, when used in connection with other characteristics, a color cannot be monopolized to distinguish a product.

[Ed. Note.—For cases in point, see vol. 46, Cent. Dig. Trade-Marks and Trade-Names, § 20.]

Appeal from the Circuit Court of the United States for the Eastern District of Michigan.

John R. Nolan and Joshua Pusey, for appellant.

Parker & Burton, for appellee.

Before LURTON, SEVERENS, and RICHARDS, Circuit Judges.

RICHARDS, Circuit Judge. This is an appeal from an interlocutory order, enjoining the appellant (defendant below) from "selling or offering for sale, or exposing for sale, matches imitating those made by the complainant, and having heads containing the two colors employed by the complainant previous to the time of filing their (its) said bill of complaint, to wit, a partly red and a partly blue head, and * * * from manufacturing and selling matches of like appearance or so similar in appearance as to be liable to deceive purchasers."

Both the complainant and defendant are manufacturers of matches; the defendant being probably the largest in the world. In the fall of 1904, the complainant began to manufacture and put upon the market a tipped match, having the head of an ordinary parlor match, tipped by a more readily ignitable material. The head proper was of the red color not unusual in the parlor match, the tip of the blue color commonly employed in the ordinary sulphur match. For an alleged improvement in the matches thus made and sold, letters patent, No. 782,284, were granted February 14, 1905, to Frank F. Sommers, Jr., who assigned to the complainant. Shortly after the complainant began the manufacture and sale of these tipped matches, the defendant began to make and sell them, putting them out with the head and tip of different colors, and, among others, some with the head partly red and partly blue, like those of the complainant.

Then came this suit, in which the complainant prayed for an injunction, upon the grounds: First, that the letters patent mentioned were infringed; second, that the complainant's trade-mark on the packages was infringed; and, third, that the defendant was guilty of unfair competition in trade in making and selling imitations of the complainant's matches, namely, matches with composite heads in two colors, and especially matches with heads partly red and partly blue, being the colors selected and used by the complainant. The court below refused an injunction on the first and second grounds, holding that the validity of the patent had not been established either by adjudication or acquiescence, and that no simulation of the complainant's packages or trade-name entitling it to an injunction had been shown; but, as we have stated, the court did grant an injunction pendente lite against the making and selling of matches having heads partly red and partly blue, like those of the complainant.

The question before us now is, therefore, was the defendant guilty of unfair competition in making and selling unpatented matches, having heads partly red and partly blue?

The defendant contends that Sommers was not the inventor of tipped matches, calling attention to patent No. 335,065, dated January 26, 1886, granted to Farnham for an improvement in friction matches; but it is hardly proper to consider now whether Sommers' patent is or

is not valid. For the purposes of this hearing, we must assume that the complainant has no patent on its matches, and therefore this is the question, stated in another form, is the complainant, without a patent, entitled to maintain a monopoly of manufacturing and selling tipped matches, with heads partly red and partly blue, simply because it made and put them on the market first?

We think the answer to this question is plain. The head of two colors is in no proper sense a part of the dress of the match; it is a part of the match itself. In use the tip must be distinguished from the head, for the match should be struck on the tip and not on the head. The claimed improvement lies in thus striking and igniting it. Whoever, therefore, has a right to make a tipped match, has a right to put on it a head of two colors, so as to distinguish the tip on which the match should be struck, from the head itself. The two colors, therefore, serve not only a useful purpose but an essential function, for the very essence of the tipped match is the tip itself, which must be marked out by a color of its own. The head and tip thus distinguished, each by its own color, is therefore a common characteristic of all tipped matches, and to say that no one but the complainant shall make tipped matches with such characteristic is to say that no one but the complainant shall make tipped matches. Such characteristic could not therefore be selected by the complainant to distinguish its tipped matches from other tipped matches. The characteristic is not specific, but generic, and properly applies to all tipped matches. Canal Co. v. Clark, 13 Wall. 311, 20 L. Ed. 581; Coats v. Merrick Thread Co., 149 U. S. 562, 13 Sup. Ct. 966, 37 L. Ed. 847; Singer Mfg. Co. v. June Mfg. Co., 163 U. S. 169, 16 Sup. Ct. 1002, 41 L. Ed. 118; Globe-Wernicke Co. v. Fred Macey Co., 119 Fed. 696, 56 C. C. A. 304; Enterprise Mfg. Co. v. Landers, Frary & Clark (C. C.) 124 Fed. 923; Heide v. Wallace & Co., 135 Fed. 346, 68 C. C. A. 16; Putnam Nail Co. v. Dulaney, 140 Pa. 205, 212, 21 Atl. 391, 11 L. R. A. 524, 23 Am. St. Rep. 228.

Evidently the court below appreciated that the head of two colors, a feature common to all tipped matches, should not be monopolized by the complainant to distinguish its tipped matches, for it refused to enjoin the making of tipped matches with heads of two colors, and limited the injunction to matches with heads partly red and partly blue. But we think this was going too far. Sometimes a color, taken in connection with other characteristics, may serve to distinguish one's goods, and thus be protected by the courts (Fairbank Co. v. Bell Mfg. Co., 77 Fed. 869, 23 C. C. A. 554; Ohio Baking Co. v. National Biscuit Co., 127 Fed. 116, 62 C. C. A. 116); but, as a rule, a color cannot be monopolized to distinguish a product (Fleischmann v. Starkey [C. C.] 25 Fed. 127; Mumm v. Kirk [C. C.] 40 Fed. 589).

The primary colors, even adding black and white, are but few. If two of these colors can be appropriated for one brand of tipped matches, it will not take long to appropriate the rest. Thus, by appropriating the colors, the manufacture of tipped matches could be monopolized by a few vigilant concerns, without any patent whatever. Indeed, it is customary for a large company like the defendant to issue

many brands of matches, with heads of different colors. It is now making tipped matches. If, by appropriating two colors for each brand, it could monopolize them, it would soon take all the colors not in use by the complainant, and thus cover the entire field at once. For these reasons, we think the court below was in error in holding that the complainant had appropriated the colors of red and blue for the head of its tipped matches.

It does not appear that the defendant attempted to deceive the public by palming off its matches as those of the complainant. There was no simulation of packages. The packages plainly indicate their origin, and, since matches are always sold in packages, the ordinary purchaser could not well be deceived. The right of the complainant to monopolize the manufacture of tipped matches turns, it seems to us, upon the validity of its patent. If it has no patent, the making of such matches is open to all, and since their heads must be of two colors, the choice of the colors rests with the maker.

In conclusion, the language of Judge Townsend in Marvel Co. v. Pearl, 133 Fed. 160, 162, 66 C. C. A. 226, 228, is appropriate:

"Where such similarity consists in constructions common to or characteristic of the articles in question, and especially where it appears to result from an effort to comply with the physical requirements essential to commercial success, and·not to be designed to misrepresent the origin of such articles, the doctrine of unfair competition cannot be successfully invoked to abridge the freedom of trade competition. The enforcement of such a claim would permit unfair appropriation, and deny the exercise of the right of fair competition."

The judgment is reversed, and the cause remanded, for further proceedings not inconsistent with this opinion.