## A. Y. McDONALD & MORRISON MFG. CO. v. H. MUELLER MFG. CO.

(Circuit Court of Appeals, Eighth Circuit. December 9, 1910.)

No. 2,994.

1. TRADE-MARKS AND TRADE-NAMES (§ 93*)—UNFAIR COMPETITION—BURDEN OF PROOF.

To make a case of unfair competition, the burden is upon a complainant corporation to establish by clear and satisfactory proof that the use by another corporation of its own initials on its goods is with fraudulent intent to mislead purchasers.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. §§ 104–106; Dec. Dig. § 93.*

Unfair competition, see notes to Scheuer v. Muller, 20 C. C. A. 165; Lare v. Harper & Bros., 30 C. C. A. 376.]

2. TRADE-MARKS AND TRADE-NAMES (§ 75*)—UNFAIR COMPETITION—TEST.

The test of unfair competition by the imitation of labels or marks is, not whether a difference can be recognized when the goods are placed side by side, but whether, when they are not side by side, an ordinarily prudent purchaser would be liable to purchase the one, believing that he was purchasing the other.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. § 86; Dec. Dig. § 75.*]

3. TRADE-MARKS AND TRADE-NAMES (§ 16*)—MARKS OR NAMES SUBJECTS OF OWNERSHIP—FORM OF ARTICLE.

One manufacturer cannot create a monopoly to be enjoyed by him by adopting a shape or form of product, and particularly when such product is one of general use; and this is emphasized when such product is made from material which is fashioned for its better use, and with economy for use, according to long-time usage.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. § 19; Dec. Dig. § 16.*]

4. TRADE-MARKS AND TRADE-NAMES (§ 95*)—UNFAIR COMPETITION—INJUNCTION.

A manufacturer of plumbers' goods *held* chargeable with unfair competition in purposely imitating in appearance the goods of complainant, a competitor and properly enjoined; but the injunction *held* too broad, and so modified as to permit the defendant to use the common forms of the devices, although like complainants, provided it marked the same so as to unmistakably indicate their origin.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Dec. Dig. § 95.*]

Appeal from the Circuit Court of the United States for the Northern District of Iowa.

Suit in equity by the H. Mueller Manufacturing Company against the A. Y. McDonald & Morrison Manufacturing Company. Decree. for complainant (164 Fed. 1001), and defendant appeals. Modified and affirmed.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Thomas A. Banning (Hurd, Lenehan & Kiesel and Banning & Banning, on the brief), for appellant.

J. L. Jackson (A. H. Adams, C. E. Pickard, and M. M. Cady, on the brief), for appellee.

Before HOOK and ADAMS, Circuit Judges, and McPHERSON, District Judge.

SMITH McPHERSON, District Judge. This was a bill in equity brought by the appellee, as complainant, against A. Y. McDonald & Morrison Manufacturing Company, to enjoin it from making its manufactured products in imitation of complainant's. On the application for a preliminary injunction, the same was denied. 132 Fed. 585. On final hearing (164 Fed. 1001), the decree was for the complainant.

The complainant and defendant are rival manufacturers of, and dealers in, plumbers' goods. The complainant had received letters patent for improvements of interchangeable right and left stop and waste cocks, and that was litigated and went to final decree on the same day and in the same court that rendered the decree in the case at bar, resulting in a decree that the patent was void. 164 Fed. 991.

Each of the parties adopted as their trade-mark the initials of the principal words or names comprising the corporate name of each; the complainant adopting the capital letters "H. M.," and the defendant the capital letters "M. M." Those letters were placed upon plates upon the appliances; the defendant's being a diamond shape, and the complainant's upon a plate somewhat similar to the diamond, but hexagonal in form. The defendant had used the diamond upon its goods for nearly half a century. The sign of a diamond was painted on its building, and which sign is still used. The evidence satisfactorily shows that defendant had used the diamond as a trade-mark for its products a long time antedating the use by complainant of the shield, so that there can be no well-founded complaint with reference to such a device as used by the defendant.

It was decided in Brown Chemical Company v. Meyer, 139 U. S. 540, 11 Sup. Ct. 625, 35 L. Ed. 247, that the burden is upon complainant to establish by clear and satisfactory proof the fraudulent intent and purpose of the defendant in arranging and using the initials of its own name so as to mislead and deceive dealers in, and purchasers of, such goods. The contention of the complainant is that this rule has been fully complied with by the showing made, and that the arrangement of the letters "M. M." upon the diamond is calculated to, and in fact does, mislead and deceive dealers in, and consumers of, such goods; the letter "M" being upon each of the designs, and the letter "M" upon defendant's design being so much like the the letter "H" upon complainant's design that the general public in dealing with such merchandise is deceived.

The well-known and leading case of Singer Mfg. Co. v. June Mfg. Co., 163 U. S. 169, 16 Sup. Ct. 1002, 41 L. Ed. 118, has long since settled the rule that, notwithstanding a person may have once enjoyed a monopoly under an expired patent, another person cannot afterwards so appropriate the generic name by which the patented ar-

ticle was known as to mislead the public into the belief that, when purchasing an article of merchandise made by the latter, they were in fact getting merchandise made by the former. This is because of the simple proposition that no man has the right to represent himself to be another and different person. He has no right by representations, nor by acts, to create the belief that his goods were manufactured by another.

The test is not whether, when goods are placed side by side, a difference can be recognized in the labels or marks; but the test is, when such goods are not placed side by side, would an ordinarily prudent purchaser be liable to purchase the one, believing that he was purchasing the other?

But one manufacturer cannot create a monopoly, to be by him enjoyed, because he has adopted a shape or form of a product, and particularly when such product is one of general use. And this is emphasized when such product is manufactured from material which is fashioned for its better use, and with economy for use, according to long-time usage. The proposition is illustrated by the cases of Heide v. Wallace & Co., 135 Fed. 346, 68 C. C. A. 16; Diamond Match Co. v. Saginaw Match Co., 142 Fed. 727, 74 C. C. A. 59; Globe-Wernicke Co. v. Macey Co., 119 Fed. 696, 56 C. C. A. 304; Wrisley Co. v. Iowa Soap Co., 122 Fed. 796, 59 C. C. A. 54.

The Circuit Court held, and in which holding we concur, that the purpose of defendant in arranging the styles and designs and labeling of its products was to mislead and it did mislead, the public.

The decree in this case now before us for review permitted the defendant to use the figure of a diamond and the initial letters "M. M." of the principal names comprising its corporate name substantially as arranged by it as its trade-mark, and to impress the same upon all goods of its manufacture, including the body or shell of its stop and stop and waste cocks, but decreed that the defendant could not make the cap and handles it places upon such goods in simulation of the complainant's cap and handle, nor make its inverted key-curb cock in simulation of that of the complainant with or without the impress of its trade-mark thereon.

The decree is too broad. The manufacturers of plumbing appliances do, and necessarily must, make such goods from the same material, and largely of the same form or pattern, because necessity and convenience so require, and such have been so manufactured from the earliest days of the art. The handles and other appliances made by complainant and defendant are in the usual form, and are made with reference to convenience of use for such manufacture.

Their manufacture by defendant in that form and out of metals of that kind was well within its rights. It was entitled to make use of any material in the most available and efficient form, and to adopt such color and arrangement of parts as best served the mechanical uses for which its merchandise was designed. But it was not entitled to so use, color, or arrange the parts of its mechanism as to deceive purchasers of its goods, when exercising reasonable care, into believing that they were purchasing the goods of the complainant.

As already pointed out, the general appearance of the goods of the parties was alike. Fairness in trade, therefore, within the doctrine of the Singer Mfg. Co., Case, supra, required that the defendant should have marked its goods with some plain and unequivocal statement or showing that they were goods of its own manufacture.

By the decree below the defendant was enjoined from making use of the cap and handles or the inverted key-curb cock in simulation of complainant's goods. That decree might be interpreted so as to enjoin the defendant from coloring the handle black, or simulating the general appearance of complainant's key-curb cock, whether in form, material, or color. In these respects we think it was too broad.

The injunctive order should be modified, so as to enjoin the defendant from making the key-curb cock as it is now making it, unless it shows clearly and unmistakably in some conspicuous way, upon each cock and upon the advertising media employed by it, a statement or showing that it was manufactured by the McDonald & Morrison Manufacturing Company.

The case is remanded to the Circuit Court, with directions to modify the decree, so that it will be in conformity with this opinion, and, as thus modified, the decree is affirmed. The appellant will pay the taxable costs in this court.

And it is so ordered.