### BEN LEVY CO. v. TETLOW.

(District Court, E. D. Pennsylvania. November 28, 1913.)

No. 1,059.

TRADE-MARKS AND TRADE-NAMES (§ 95*)—UNFAIR COMPETITION—GROUNDS FOR RELIEF.

To authorize the granting of an injunction to restrain unfair competition by the alleged imitation of complainant's packages containing face powder, where the maker's name appears on each package, it is not sufficient that complainant's and defendant's boxes are of the same size and shape, but there must be such resemblance between them as is likely to deceive ordinary purchasers, exercising such care as is commonly used in purchasing such articles.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. § 108; Dec. Dig. § 95.*]

In Equity. Suit by the Ben Levy Company against Clara Tetlow, trading under the name of the Tetlow Manufacturing Company. On motion for preliminary injunction. Denied.

Arthur v. Briesen, of New York City, and Henry P. Brown, of Philadelphia, Pa., for complainant.

Augustus B. Stoughton, of Philadelphia, Pa., for defendant.

THOMPSON, District Judge. In the state of uncertainty disclosed by the record upon the present motion, a preliminary injunction must be denied. The similarity in size and shape of the boxes used by the defendant in packing her powder to those of the plaintiff cannot be doubted, but without more that would not entitle the plaintiff to the relief asked for. The plaintiff relies, in connection with the similarity in the boxes, upon the similarity in design, ornamentation, and manner of labeling and lettering the boxes. There is a similarity in the general appearance of the packages of the respective parties in these respects, but there is so much substantial difference in the details that a

careful purchaser, familiar with the plaintiff's powder, would not be misled into purchasing that of the defendant. There can be no risk of deception as to purchasers buying the plaintiff's powder by name, as the defendant's trade-names plainly appear upon her packages. The question is: Do they bear such resemblance as is likely to impose on ordinary purchasers, exercising such care only as is commonly used in purchasing such articles? Van Camp Packing Co. v. Cruikshanks Bros. Co., 90 Fed. 814, 33 C. C. A. 280; Pfeiffer v. Wilde (C. C.) 102 Fed. 658.

There is no evidence to satisfactorily establish a conclusion that the ordinary purchaser of face powder relies upon the general appearance of the packages rather than upon the name under which the article is sold, and would therefore be misled into purchasing powder of the defendant upon the reputation of that of the plaintiff, and there is no evidence as to any purchaser having been so misled. As stated in the syllabus of the case of Fairbank Co. v. Bell Manufacturing Co., 77 Fed. 869, 23 C. C. A. 554:

"In applying the test recognized by the authorities, namely, the likelihood of deception of an 'ordinary purchaser exercising ordinary care,' regard must be had to the class of persons who purchase the particular article for consumption, and to the circumstances ordinarily attending their purchase."

As was said by the Supreme Court of New York in Morgan v. Troxell, Manual of Trade-Mark Cases, Cox, Case 674:

"Very broad scene-painting will deceive an ignorant, thoughtless, or credulous domestic, looking for an article in common and daily use, and of no particular interest to her personally. The same kind of deception would be instantly detected by an intelligent woman of the world, looking for her favorite perfume, soap, or dentifrice, or by a man of luxurious tastes, inquiring for some special brand of champagne."

It is not shown with any sufficient degree of certainty whether the feminine purchaser of face powder ordinarily relies upon the name of her favorite make of this toilet article, or relies entirely upon the general appearance of the package. In view of the uncertainty of the evidence bearing upon that question, it is unnecessary to consider other aspects of the case raised upon the defendant's brief.

The motion is denied.